## Rogers et al. v. Tennessee Gas & Transmission Co.

May 27, 1947.

W. J. Baxter, Judge.

864

Harvey T. Lisle for appellant.

D. L. Pendleton for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

In the year 1944 appellee laid a twenty-four inch gas pipeline from Corpus Christi, Texas, to a point near Charleston, West Virginia, on a thirty foot right of way which previously had been acquired by the Hope Natural Gas Company. The line runs diagonally through Kentucky and passes through a portion of appellants' property in Clark County. This line is insufficient to supply the increased demands of the users in the territory it was laid to serve; so to meet these demands appellee is now engaged in laying an additional twenty-six inch pipeline. The plans for the new construction call for a fifty foot right of way through the property of appellants for approximately 550 lineal feet. For the purpose of obtaining this right of way appellee instituted this condemnation proceeding under the provisions of KRS 278.500. The action was commenced in the County Court, and an appeal was taken to the Circuit Court where the jury fixed the damages at $399.90.

As ground for reversal on the original appeal, appellants complain of Instructions 2 and 3. As ground for reversal on the cross-appeal, appellee complains of Instruction No. 5. The instructions given by the Court are as follows:

"Instruction No. 1. The Court instructs the jury to find for the defendant, George W. Rogers.

"Instruction No. 2. The Court instructs the jury that the right-of-way and easement acquired by the Tennessee Gas and Transmission Company by reason of the condemnation proceedings herein gives to it the right to construct and perpetually maintain and operate in, on and under said right-of-way and easement, which is 50 feet in width, across and through defendants' said land, as described in the petition and evidence, and to inspect, alter, repair, replace and remove whenever necessary a pipe line for the transportation and delivery of gas or oil, together with all the privileges and rights incidental thereto, including but not limiting the same to the free

right to trim, fell, cut and keep clear all trees, brush, undergrowth and other obstructions within the limits of said right-of-way and easement, and the free right of ingress and egress over and across the lands of the defendants to and from said right-of-way and easement, reserving, however, to the present owners and their successors in title all such rights and privileges as may be used and enjoyed without interfering with the rights, powers, privileges and easements acquired in this proceeding by the plaintiff. Said pipe line is to be constructed so as to assure a cover of not less than 24 inches from the top of the pipe to the average level of the two sides of the trench in which same is laid, together with the necessary fittings and appurtenances for the transportation of gas and oil through a pipe line.

"Instruction No. 3. The right of ingress and egress referred to in Instruction No. 2 that the plaintiff may exercise in constructing, maintaining and operating said pipe line referred to therein shall be confined to said right-of-way strip condemned, except when emergency or necessity requires plaintiff to go outside of said right-of-way strip, which it is not now contemplated it will have to do; but, if and when such emergency or necessity arises and plaintiff exercises right of ingress and egress over any part of the remaining lands of the defendants, said use and all damage incident thereto shall be paid for when and if such right of ingress and egress is exercised by the plaintiff; and you will allow no damage for such possible exercise of said right of ingress and egress off of the strip condemned.

"Instruction No. 4. The jury will find for the defendants such a sum as you may believe from the evidence is the fair and reasonable cash value of the easement in said lot and strip of land taken not exceeding the sum of $250.00 considering it in relation to the entire tract, of which said lot or strip are a part, and considering the purposes for which said lot and strip are taken, and also such other direct damages, if any, as you may believe from the evidence will directly result to the remainder of the tract by reason of the situation in which it is placed by the taking of said strip, but your finding under this instruction shall not exceed in all the amount which you may believe from the evidence is the difference between the fair market value of

the entire tract of land immediately before and the fair market value of said tract of land immediately after the taking of said strip, containing one and nine-tenths (1.9) acres, excluding from both estimates any enhancement of the value of the land by reason of the building, construction, maintenance and operation of the pipe line and other things set forth above on said land by plaintiff and its successors and assigns; but the finding of the jury under this instruction shall not exceed $350.00.

"Instruction No. 5. The jury will take into consideration all the advantages and disadvantages which you may believe from the evidence can be reasonably anticipated to result from the prudent construction and operation of the proposed pipe line and other things set out in the foregoing instruction, through and upon said land, and if you believe from the evidence that such disadvantages will exceed such advantages you may allow the defendants what you may believe from the evidence will fairly compensate them therefor; but if you believe from the evidence that such advantages equal or exceed the disadvantages, then you will find for the defendants only the direct damages as set out above, and nothing under this instruction. If you find for the defendants under this instruction your findings shall not exceed $750.00.

"Instruction No. 6. The term 'market value,' or 'fair market value,' as used in these instructions is that sum which the owner who desires to sell the land, but is not compelled to do so would take for it in a given condition, and what a purchaser who desires to buy, but is not compelled to have it would give for it in the same condition.

"Instruction No. 7. The entire panel of twelve jurors must agree on a verdict, one of you signing it as foreman."

Appellants' complaint in respect to Instructions 2 and 3 is that the Court did not permit the jury to assess damages for "probable" injury in the event an emergency should arise which would necessitate appellee's using the remainder of the land as a means of ingress and egress to its right of way. We think the happenings of such an emergency is so remote that it would be impossible for the jury, within reason, either to anticipate

its happening or to determine in advance the extent of damage in the event it should occur. An emergency, by its very nature, is something which reasonably may not be anticipated. Appellants will have the right to recover in the future if it becomes necessary for appellee to use their property as a means of ingress and egress upon the happening of an emergency. We think the Court properly refused to permit the jury to assess damages at this time under this contention.

In its cross-appeal appellee contends that Instruction No. 5 is proper in condemnation proceedings for railway right of ways where soot, smoke and cinders work a disadvantage to the owner of the remaining property; but that it is not proper to permit the jury to assess damages for such incidental injury in pipeline cases, for the simple reason that such damage can not occur. Of course, if no such damage could occur, it would be improper to permit the jury to make an award in that respect. But it was shown that appellee has been required to dig ditches for drainage purposes in the careful maintenance of the twenty-four inch pipeline right of way, and that in doing so it has cast surface waters unnaturally upon adjacent property. This evidence was sufficient for the jury to anticipate that the same result would occur in the ditching and draining of the right of way involved in this proceeding; and since such damage reasonably can be anticipated, and the injuries resulting therefrom will be continuous and permanent, it was proper for the Court to instruct the jury on this element, and allow one recovery for all. Indeed, the instruction complained of is almost identical with an instruction approved by this Court in Petroleum Exploration v. McGeorge et al., 225 Ky. 131, 7 S. W. 2d 821. The instruction was not copied in the opinion in the above cited case, but it appears in Stanley's Instructions to Juries, Section 363, p. 456.

We think the Court properly instructed the jury, for which reason the judgment is affirmed both on the appeal and the cross-appeal.