## Tennessee Gas & Transmission Co. v. Bennett et al.

January 11, 1949.

Rehearing denied December 13, 1949.

John E. Richardson (Hazelrigg & Cox of counsel), for appellant.

Wilson & Wilson for appellees.

VAN SANT, COMMISSIONER—Reversing.

The action was instituted by appellant to condemn a right of way fifty feet (50′) in width and two thousand two hundred and ten feet (2210′) in length, containing two and one-half (2½) acres of land, across the property of appellees in Barren County for the purpose of constructing, controlling, and maintaining a twenty-six inch (26″) gas and oil pipe line, the right of ways for other portions of which were involved in Rogers v. Tennessee Gas & Transmission Co., 304 Ky. 863, 202 S. W. 2d 737; and Tennessee Gas and Transmission Co., etc., v. Jackman et al., the opinion in which case was rendered today and will be reported in 311 Ky. 507, 224 S. W. 2d 660.

The questions involved in this case are identical with those discussed in the Jackman case, supra. Under instruction No. 4, the jury awarded appellees the sum of $625 for the easement taken and an additional $950 for depreciation in the value of the remainder of appellees' farm by reason of the taking of the easement. No award was made under instruction No. 5. The character of the evidence is substantially the same as that in the Jackman case, supra, and for the reasons expressed in that opinion appellant's complaint concerning the instructions must be rejected.

As in the Jackman case, several witnesses testified that the value of the easement taken amounted to as much as the award made by the jury. But, pinned down on cross-examination, they admitted that, before acquisition of the easement the farm together with the improvements, consisting of a good house and barn, was worth approximately $100 per acre; and none of them testified that the land through which the easement was taken was of higher value than the remainder of the farm. These estimates appear to have been made on the value of the fee, whereas the easement in this case, as in the Jackman case, is less than a fee, because the owners may use and cultivate the sur-

514

face of the land subject to the right of appellant to enter on the right of way and do all things necessary for the maintenance of the pipe line in question. Thus the highest value placed on the easement by any evidence of probative value is less than $250. But to this must be added the value of timber cut, crops destroyed, and cost of restoration of soil fertility which amount in the aggregate to the uncontradicted sum of $208.66. It is apparent that the verdict of $625.00 for the value of the easement taken is excessive, for which reason the judgment must be reversed.

Two qualified witnesses estimated the incidental damage to the remainder of the farm by reason of depreciation in market value directly attributable to the taking of the easement to be in excess of the jury's award of $950.00. They based their calculations solely on the burden placed on the property by reason of appellant's right of ingress and egress over the remainder of the farm. The award amounts to approximately $10.50 per acre, which we believe is not excessive under the evidence we have referred to.

As in the Jackman case, the judgment fails to grant the easement prayed in the petition. This error should be corrected when judgment is entered on the next trial.

The judgment is reversed.

Judge Latimer did not sit in consideration of this decision.