## Tennessee Gas & Transmission Co. v. Jackman et al.

January 11, 1949.

Rehearing denied December 13, 1949.

508

John E. Richardson (Hazelrigg & Cox of counsel), for appellant.

Richard L. Garnett for appellees.

VAN SANT, COMMISSIONER—Reversing.

The action was instituted by appellant to condemn a right of way fifty feet (50′) in width and one thousand-one hundred and thirty two feet (1132′) in length, across the land of appellees in Barren county for the purpose of constructing, patrolling, and maintaining a twenty six inch (26″) gas and oil pipe line extending from Corpus Christi, Texas to a point near Charleston, West Virginia. The pipe line in question is the same as that for which property was condemned in Rogers v. Tennessee Gas and Transmission Co., 304 Ky. 863, 202 S. W. 2d 737. In the opinion in that case the instruc-

tions given by the Trial Court were set out in full. Those instructions were followed verbatim by the Trial Court in the instant case, except as to distances, acreage, and limits within which damages might be awarded by the jury. Under instruction No. 4, the jury awarded appellees the sum of $500 as the fair and reasonable cash value of the easement in the strip of land taken and an additional $500 for damages resulting to the remainder of appellees' property by reason of the situation in which it has been placed by the easement "going through the farm." Under instruction No. 5, the jury made the following finding: "We the jury find for instruction No. 5, nothing either way."

The first ground urged for reversal is that the Court erred in permitting the jury under instruction No. 4, to make any award for damages to the remainder of appellees' farm directly resulting from the situation in which it has been placed by the taking of the easement in question. The basis for this contention is that no probative evidence was introduced from which any inference can be drawn that appellees were damaged in this respect. We cannot agree with this contention. It may be true that appellant will never exercise the right of ingress and egress over that portion of appellees' farm outside the limits of the right of way; therefore, it may be that no physical impairment affecting the value of the remaining portion of the farm will ever occur, and it is true that, if such ever does occur, appellees then will have a cause of action for any damage brought about by the exercise of this right. Nevertheless, the right of ingress and egress over the remainder of the farm, whether exercised or not, imposes a burden on appellees' proprietary interest and control of the estate. Such infringement on the dominion, in itself, although the right constituting such an infringement may never be exercised, is such a burden as reasonably may be calculated to decrease the marketable value of the property on which the burden has been placed, and it is one of the elements of damage which one of the witnesses for appellees took into consideration in estimating the difference in the marketable value of the property immediately before and immediately after the acquisition of the easement. Therefore, it was proper for the Court to instruct on this element of damage.

The next complaint is that the Court erred in giving instruction No. 5, but appellant cannot complain of this instruction since the jury did not find against it thereunder. Sections 338 and 756 of the Civil Code of Practice and annotated cases.

The third ground urged for reversal is that the verdict of the jury is excessive. The estimate of several witnesses on the value of the easement taken was in excess of the amount allowed by the jury, but it is apparent from their testimony that their conclusions in respect to the value of the easement either were not based on reasonable hypotheses or were in excess of values they placed on the property on an acreage basis. In Warfield Natural Gas Co. v. Wright, 233 Ky. 378, 25 S. W. 2d 1036; and Kentucky-West Virginia Gas Co. v. Hays, 238 Ky. 189, 37 S. W. 2d 17, and other cases cited in the opinion in the last styled case, it was held that while the difference in value before and after taking is the proper measure of damages in cases of this character, the separate items going to make up the difference should be recited in the testimony in such a manner as to enable the jury to determine the soundness of the witness's conclusion in respect to the amount of damages, and testimony which does not furnish an intelligent reason for the conclusion reached does not have much, if any, weight. Neither appellee nor any other witness fixed the fee simple value of the farm with its improvements, consisting of a good house, garage, and barn, at more than $150 per acre. Under the highest value fixed on the land comprising the entire farm the fee simple title to the strip taken would not exceed the sum of $200 in value, but the fee simple title has not been taken: the owner may use and cultivate the surface of the land subject to the right of the company to enter thereon and do all things necessary to maintain the pipe line in question. It is true that appellant destroyed growing crops of the value of $91.80 on the easement in constructing the pipe line and that $39.00 was required to be expended to restore the fertility of the soil after the line was laid. These items should be added to the value of the bare easement but when added leaves the verdict in respect to the value of the easement excessive, for which reason the Court should have

granted a new trial, and because he failed to do so the judgment must be reversed.

All of appellees' witnesses testified that the incidental damage to the remainder of the farm was in excess of the amount awarded for such damage by the jury, but only one of these witnesses supported his conclusion by the recitation of an element of damage which rightly may be calculated to decrease the market value of the remainder of the farm by reason of the taking of the easement. Appellee testified that the difference in the fair and reasonable market value of the remainder of the farm immediately before and after the easement was taken amounted to the sum of $1,500, but he admitted that in arriving at this figure he took into consideration his own fear of a future explosion in the pipe line. No evidence was introduced to show that a similarly constructed pipe line ever has exploded, and there was no evidence that the fear of a future explosion was common to persons in the vicinity of the pipe line. In Kentucky Hydro Electric Co. v. Woodard, 216 Ky. 618, 287 S. W. 985, 990, it was pointed out that mere fears of people from the presence of an electric transmission line cannot be made a basis on which to predicate depreciation in market values. In explanation of that conclusion the Court observed that fears which are ill defined, speculative, and not founded on reason or experience are too indefinite to enter into a calculation of damages to be awarded for depreciation in market values; but if such fears be entertained so generally as to enter into the calculations of all who propose to buy or sell the rule is different, and such generally proven fears may be taken into consideration in calculating damages. We now believe that it is not necessary to show that a well-defined fear based on actual experience must be so general as to enter into the calculations of "all" who propose to buy or sell; it would be sufficient to show that it enters into the calculations of a substantial number of persons who deal or propose to deal in the buying or selling of similar properties; but as we have observed, the record in this case is silent in respect to general fears, and the fear of the land owner alone cannot be considered in fixing the damages to the remainder of the farm. But as we have said the testimony of one of the witnesses introduced by appellee was

512

based on reasonable calculations and was sufficient to support the verdict of the jury in respect to incidental damages for which reason appellant's contention in this respect must be rejected.

In closing it may be well to observe that the judgment appealed from was rendered on the 2nd day of December, 1947, at a special term of the Barren Circuit Court. The judgment dismissed the petition thus denying appellant an easement but awarded appellee judgment in the amount fixed by the jury. The judgment on the next trial should not dismiss the petition; on the contrary, it should grant the easement in accordance with the prayer of the petition. Since the case must be reversed for the reason hereinbefore assigned it is unnecessary for us to determine whether an order previously entered, or one entered at a subsequent term, had the effect of granting the easement.

The judgment is reversed.

Judge Latimer did not sit in consideration of this decision.