## Tennessee Gas & Transmission Co. v. Lewis et al.

January 18, 1949.

Rehearing denied December 13, 1949.

518

John E. Richardson (Hazelrigg & Cox of counsel), for appellant.

Wilson & Wilson for appellees.

VAN SANT, COMMISSIONER—Reversing.

This action was instituted by appellant to condemn a right of way fifty feet (50′) in width and approximately one thousand, four hundred and fifty feet (1450′) in length, containing 1.65 acres of land, across appellees' fifty-three (53) acre farm in Barren County, on which to construct, control, and maintain a twenty-six inch (26″) gas and oil pipe line. The right of ways for other portions of the pipe line were involved in Rogers et al. v. Tennessee Gas and Transmission Co., 304 Ky. 863, 202 S. W. 2d 737; Tennessee Gas and Transmission Co., v. Jackman et al., 311 Ky. 507, 224 S. W. 2d 660, as well as other cases which we will not cite because they involve the same questions presented in the above styled actions.

The questions involved in this case likewise are identical with those discussed in the Jackman case, supra. Under instruction No. 4, the jury awarded appellees the sum of $600 for the easement taken and the additional sum of $900 for incidental damages resulting to the remainder of appellees' farm by reason of the taking of the easement. No award was made under instruction No. 5. The character of the evidence is the same as that presented in the Jackman case, supra. For the reasons set out in that opinion we must reject appellant's contention that the Court erred in instructing the jury.

As in the Jackman case, several witnesses for ap-

pellees testified that the value of the easement exceeds the amount awarded by the jury. However, all of them, admitted that the land comprising the farm, less the improvements which were undisturbed, was worth not to exceed $94.00 per acre. Likewise all witnesses who testified on the point stated that the land comprising the right of way is on par with but does not exceed in value the average unimproved land in the remainder of the farm. That being true, the bare easement, which does not call for a fee simple title, would not be worth as much as $94.00 an acre which for the 1.65 acre strip would be $155.10. To the value of the bare easement should be added damages to growing crops in the uncontradicted sum of $106.12, and the cost of restoring the land in the sum of $49.50. But when this is done the jury's award of $600 is grossly excessive.

The highest value placed on the entire farm, including the improvements, was $125.00 per acre which for the fifty-three (53) acres amounts to the sum of $6,625. From this should be deducted a reasonable award for the value of the easement. When these calculations have been made the award of $900 for incidental damages to the remainder of the farm by reason of the taking of the easement amounts approximately to $17.50 per acre which is approximately fourteen (14) per centum of the value of the entire farm. This amount strikes our mind to be excessive. The only incidental damage shown by the evidence is the right of appellant to cross the remaining land of appellees in the event an emergency arises. As we observed in the Jackman case, supra, and in other cases following it, such right constitutes a burden on the land. But we are of the opinion that the fair marketable value of the property was not reduced thereby to the extent fixed by the jury. In arriving at this conclusion we have not lost sight of the fact that the jury viewed the premises.

As in the Jackman case, supra, the judgment appealed from does not grant the easement. When judgment is entered on the next trial it should grant and clearly define the easement and the rights of the parties in respect thereto.

The judgment is reversed.

Judge Latimer did not sit in consideration of this decision.