## Tennessee Gas & Transmission Co. v. Furlong et al.

January 18, 1949.

Rehearing denied December 13, 1949.

John E. Richardson (Hazelrigg & Cox of counsel), for appellant.

Wilson & Wilson for appellees.

VAN SANT, COMMISSIONER—Reversing.

The action was instituted by appellant to condemn a right of way fifty feet (50′) in width and approximately three thousand and twenty feet (3020′) in length, containing 3.46 acres of land, across the property of appellees in Barren County on which to construct, control, and maintain a twenty-six inch (26″) gas and oil pipe line, the right of ways for other portions of which were involved in Rogers et al. v. Tennessee Gas & Transmission Co., 304 Ky. 863, 202 S. W. 2d 737; Tennessee Gas and Transmission Co., etc., v. N. M. Jackman et al., decided January 11, 1949, and which will be reported

in 311 Ky. 507, 224 S. W. 2d 660, as well as other cases to which it is unnecessary to refer because they involve the same questions presented in the above styled actions.

The questions involved in this case likewise are identical with those discussed in the Jackman case, supra. Under instruction No. 4, the jury awarded appellees the sum of $700 for the easement taken, and the additional sum of $950 for incidental damages resulting to the remainder of appellees' farm by reason of the taking of the easement. No award was made under instruction No. 5. The character of the evidence substantially is the same as that presented in the Jackman case, supra. For the reasons set out in the opinion in that case, appellant's complaints concerning the instructions seem to us to be without merit.

As in the Jackman case, several witnesses for appellees testified that the value of the easement taken exceeds $700, the amount awarded by the jury. However, these witnesses estimate the whole farm, before the taking of the easement, to have been worth not in excess of $11,000, wh;ch is approximately $80.00 per acre; and this estimate includes enhancement in value by reason of improvements on the farm, which the evidence shows exceed $2,500 in value. Part of the land through which the easement runs was studded with standing timber. The timber valued at $38.00 on the stump was felled by appellant and delivered to appellees. Growing crops valued at $176.62 were destroyed and it was estimated without contradiction that $103.80 would be required to be expended to restore the fertility of the soil on the right of way. There is no showing that the land through which the easement runs is higher in acreage value than the remainder of the farm. The fee simple title to the property was not taken for the easement: the land owner has the right to cultivate and use the surface of the property subject to the right of appellant's use in maintaining the pipe line. It is apparent that the value of the bare easement in the 3.46 acres of land amounts to less than $280, the approximate amount it would be worth had a fee simple title been acquired. Appellant allowed appellees to keep and use the timber which grew on the right of way, and there is no evidence in this case to show that the timber when standing was worth more than when severed from the

land. Therefore, the value of the timber cannot be added to the value of the land as a factor to be considered in fixing the value of the easement. However, the value of the growing crops and the cost of the restoration of the soil amounting to the approximate sum of $280 should be added to the value of the bare easement. But when all this has been credited to appellees the value of the easement remains far below the amount fixed by the jury, for which reason the judgment must be reversed.

The evidence in support of the jury's award for incidental damages under instruction No. 4, is of the same character as that introduced in the Jackman case. Two qualified witnesses testified that the damage to the rest of the farm by reason of appellant's right of ingress and egress over the entire farm was in excess of the sum of $950 awarded by the jury. This damage amounts to approximately $7.00 per acre, and in view of the evidence we are not prepared to say that the award for this element of damage is excessive.

As in the Jackman case the judgment failed to grant the easement prayed in the petition. The judgment to be rendered on the next trial should correct this oversight.

The judgment is reversed.

Judge Latimer did not sit in consideration of this decision.