# Tennessee Gas & Transmission Co. v. Morrison et al.

January 25, 1949.

Rehearing denied December 13, 1949.

John E. Richardson (Hazelrigg & Cox of counsel), for appellant.

Wilson & Wilson for appellees.

VAN SANT, COMMISSIONER—Affirming in part, reversing in part.

This action was instituted by appellant to condemn a right of way fifty feet (50′) in width and two thousand, five hundred and seventy-two feet (2572′) in length, containing 2.95 acres of appellees' one hundred and twenty-seven (127) acre farm in Barren County, on which to construct and maintain a twenty-six inch (26″) gas and oil pipe line. The right of ways for other portions of this pipe line were involved in Rogers et al. v. Tennessee Gas & Transmission Company, 304 Ky. 863, 202 S. W. 2d 737; Tennessee Gas and Transmission Company v. Jackman et al., decided January 11, 1949, and which will be reported in 311 Ky. 507, 224 S. W. 2d 660,

as well as other cases which will not be cited because of their similarity to the above styled actions.

The questions involved in this case are identical with those decided in the Jackman case, supra. Under instruction No. 4, the jury awarded appellees the sum of $700 in compensation for the easement and the additional sum of $1,200 for incidental damages resulting to the remainder of appellees' farm by reason of the taking of the easement. No award was made under instruction No. 5. The character of the evidence is the same as that presented in the Jackman case, supra, and for the reasons expressed in the opinion in that case appellant's complaint concerning the instructions cannot be upheld.

All of the witnesses, both for appellant and appellees, testified that the value of the easement is in excess of the award made by the jury on this branch of the case. Therefore, appellant's contention that this portion of the award is excessive is without merit.

All witnesses introduced by appellees testified that the incidental damages resulting to the remainder of the farm by reason of the taking of the easement is greatly in excess of the amount awarded by the jury. At least one of these witnesses qualified sufficiently as to knowledge of the conditions and values of farm land to be accorded greater weight than the conclusion of a mere layman. He was a real estate broker, owned an adjoining farm to that of appellees, and daily passed the property in question. The only testimony in contradiction of these witnesses is that of one witness introduced by appellant to the effect that there can be no resulting damage to the remainder of the farm by the reason of the taking of the easement. But as we held in the Jackman case, supra, and others following that decision, the mere fact that appellant has the right of ingress and egress over the remainder of the farm to gain access to the right of way running through the farm is a burden reasonably calculated to decrease the marketable value of the property. Therefore, we must hold that the only evidence presented in the case in respect to the values which can be deemed to support appellant's contention that the verdict for incidental damages is excessive is such as to be entitled to no weight in con-

sidering this complaint. The sum awarded for incidental damages amounts to approximately $8.90 per acre which in itself does not seem to us to be excessive. Therefore, appellant's contention in this respect must be rejected.

Because the judgment failed to grant the easement prayed for in the petition the case must be reversed with directions that another be entered to correct this error. In all other respects the judgment is affirmed.

Affirmed in part, reversed in part.

Judge Latimer did not sit in consideration of this decision.