## Tennessee Gas & Transmission Co. v. Anderson et al.

January 25, 1949.

Rehearing denied December 13, 1949.

John E. Richardson (Hazelrigg & Cox of counsel), for appellant.

Richard L. Garnett for appellees.

VAN SANT, COMMISSIONER—Affirming in part, reversing in part.

Appellant instituted this action to condemn a right of way fifty feet (50′) in width and one thousand seven-hundred and seventy-five feet (1775′) in length, comprising two (2) acres of appellees' sixty-two (62) acre farm in Barren County within which to construct and maintain a twenty-six inch (26″) gas and oil pipe line. The right of ways for other portions of this pipe line were involved in Rogers et al. v. Tennessee Gas & Transmission Co., 304 Ky. 863, 202 S. W. 2d 737; Tennessee Gas and Transmission Company, v. Jackman et al., decided January 11, 1949, and which will be reported in 311 Ky. 507, 224 S. W. 2d 660, as well as other cases subsequently decided.

The questions involved herein are identical with those involved in the Jackman case, supra. Under instruction No. 4, the jury awarded appellees the sum of $500 representing the value of the easement, and made an additional award in the sum of $500 in compensation for incidental damages resulting to the remainder of appellees' farm by reason of the taking of the easement. No award was made under instruction No. 5. The law applicable was decided in the Jackman case, supra. On the authority of that decision, appellant's complaint in respect to the instructions cannot be upheld. We now will consider the soundness of appellant's contention that the awards made by the jury are excessive.

The verbal testimony in respect to the value of the easement taken, as well as that in respect to resulting damages to the remainder of the farm, is meager and unsatisfactory. Witnesses for appellees placed the value of the whole farm, before the taking of the easement, at figures ranging from $100.00 to $130.00 per acre. However, all of them testified that the value of the strip taken was far in excess of these figures; but, with the exception of appellant himself, they point to no fact in support of their conclusions. Appellee testified that the easement "went through some of my best hay and

best corn five hundred and forty feet (540′) or more.'' The testimony for appellant is silent in respect to the comparative value of the land constituting the right of way and the remainder of appellees' property. In addition to the taking of the bare easement, crops amounting to $120.25 were destroyed, and it is agreed that $60.00 will be required to be expended to bring the soil on the surface of the easement back to its former condition of fertility. Based solely on the verbal testimony of probative value the award might be considered to be slightly excessive; but the jury viewed the premises, and we are unable to say that such inspection did not disclose conditions in support of the testimony of appellee to the effect that some of the land taken was more fertile than that comprising the remainder of the farm; and, since the $500.00 award exceeded the value placed on the farm as a whole on an acreage basis only to the extent of the approximate sum of $60.00, we are not in position to say that the award on this branch of the case is excessive.

We now pass to the contention that the award in respect to incidental damages is excessive.

The only witness introduced by appellant on this branch of the case testified that in his opinion no resulting damage occurred to the farm by reason of the taking of the easement. But we consistently have held that the right of ingress and egress acquired by appellant over the remainder of appellees' farm is a burden calculated to decrease the marketable value of the remaining property. In the face of such holding, the witness's opinion that no resulting damages can occur in cases of this character is of no probative value. The witnesses introduced by appellees merely express their conclusions that the remainder of the farm, by reason of the taking of the easement, has been damaged between $1500 and $2500. Thus it will be seen that the verbal testimony is vague and indefinite; but here again, we are confronted with the fact that the jury itself viewed the premises and thus had an opportunity to determine for itself the situation in which the remainder of the farm was left and the bearing such situation might have on the marketable value of the farm. The award of $500 amounts to $8.33 per acre or approximately six and one half per centum (6½%) of the highest value placed

on the farm before the taking of the easement. An analysis of these figures and a comparison of them with approved awards made in other cases leads us to the conclusion that the verdict is not excessive.

The judgment dismissed the petition and recited that appellant should take nothing thereby. This in effect denied appellant the easement for which the judgment required it to pay. On this account alone the judgment must be reversed with directions that another be entered to correct this error.

Affirmed in part, reversed in part.

Judge Latimer did not sit in consideration of this decision.