## SOUTHERN RY. CO. v. GAINES.

Court of Appeals of Kentucky.
March 20, 1951.

Robert F. Matthews, Shelbyville, Louis Seelbach, Louisville, for appellant.

Errol W. Draffen, and W. Earl Dean, Harrodsburg, for appellee.

HELM, Justice.

Appellee, Frances G. Gaines, owns a 165-acre farm near Tyrone in Anderson County. The farm is rectangular in shape. Appellant's right-of-way is adjacent to the south side of the farm. The part of the right-of-way involved in this action has existed since the construction of the railroad some 70 years ago. The right-of-way contains a deep cut beginning near the western boundary of the farm and tapering to nothing some 1600 feet to the east.

Appellee filed this action against appellant in June, 1949, alleging that in the removal of rock and dirt from the right-of-way adjacent to her farm, large quantities were thrown upon her land; the fence and posts between her land and the railroad for a distance of some 1600 feet were torn down or destroyed; large slides of earth were caused to take place upon her land requiring her to establish a new fence line to be built ten or more feet on her property, thereby depriving her of the use and benefit of the land cut off; stones were thrown and left upon her land and a portion of her corn crop was damaged. She sued for $3600. A jury awarded her "$300 for fencing, $100 for removing rock and debris, $550 for a strip of land taken not to exceed one acre," and $825 "for damage to balance of farm."

The Railway Company appeals only as to the award for the strip taken and the damage done to the remainder of the farm, insisting (1) that the verdict of $550 awarded for the land taken is excessive and is not supported by the evidence; and (2) the verdict of $825 awarded for resultant damage to the 164 acres remaining is excessive and not supported by the evidence.

To determine the correctness of appellant's contentions, we will outline briefly the testimony. Haskell Stratton, tenant of appellee, valued the farm at $250 to $300 per acre. He testified the strip taken was worth $1000 to $1500. In his opinion the improvements were worth $30,000. He stated there was not any washing of appellee's land, or slipping of the soil, or slides, before the taking, but there was after the taking.

J. W. Gaines told of the large amount of dirt and rock removed by appellant and the resulting damage to the adjacent land of his wife. The land near the right-of-way "washed through gullies, down on the

right-of-way." He did not observe any breaking open or cracking of the ground. As Chairman of the Board of Directors of the Anderson National Bank, and former President of it, he has had much experience in valuing land in Anderson County. He fixed the value of the strip taken at $1500. In his opinion the farm before the taking was worth $300 an acre, and after the taking $10 an acre less, or $290 an acre. Asked as to the basis of this, he says, "Well, on account of the actual damage to the thing and then the looks of it. Our farm is kind of a stock farm and Mrs. Gaines takes a great deal of pride in looking at her boundary trees and the land. The railroad has a cut there fifteen or eighteen feet deep and straight up and down, it is dirt about four feet, three or four feet down then rock on down, and rock thrown on the premises, understand, and it destroys the beauty and the value of the land."

Other witnesses said the farm was worth from $275 to $325 an acre, and valued the strip taken at $500 to $1500. The Tax Commissioner testified that Mrs. Gaines' 165-acre farm near Tyrone is assessed at $9000, the "land itself" at $5920.

J. B. Anderson, a witness for appellee, is an engineer of 48 years experience. He was formerly employed by the Southern Railway and later by the Santa Fe. He exhibited a map to the jury, now a part of the record, showing the main track of the Southern Railway and the northern half of the Railway's right-of-way which extends 33 feet from the center of the track; a red line represents the top of the cut along appellee's property after the excavation complained of was made. He stated that if the fence line is put back 12 feet from the right-of-way line, it would clear all "cave-ins" present at the time the map was made. In his opinion as an engineer there will be more cave-ins until the land gets the proper slope. In his opinion after the fence is put back 27 feet from the right-of-way line it will "never have to be moved again." A strip 1600

feet long and 27 feet wide is "practically an acre."

L. B. Craig, division engineer for appellant, stated the dirt and rock was being removed to fill a trestle known as "High Bridge No. 644W" near Lawrenceburg. The rock was blasted in the cut "without removing the earth overburden" to prevent the rock from flying. In his opinion it would be sufficient to move the fence back 12 feet from the right-of-way line. In that case the strip taken would be 19,200 square feet, approximately four-tenths of an acre.

According to the evidence of Mr. Anderson, witness for appellee, the taking does not represent more than an acre. The jury, in Instruction A, was instructed to find for appellee " * * * the reasonable market value of the strip of land taken containing not less than .4 acre nor more than one acre * * *." Instruction B was: "The jury shall not award any sum in damages to the plaintiff, Frances Gaines, for damages to the remainder of her farm as set out in Instruction No. A for future erosion or washing."

■ Although $550 is liberal for the not more than one acre taken, under all the testimony we are unable to say that it is so excessive as to require a reversal.

■ The allowance of $825 awarded as resultant damage to the 164 acres remaining, presents a more serious question. The railway runs at the back of the farm. The deep cut has been present since the railroad was constructed. To support a substantial allowance as resulting damages, facts or elements of damage should be stated in the testimony on which the verdict is based. Tennessee Gas & Transmission Co. v. Jackman, 311 Ky. 507, 224 S. W.2d 660. After a careful examination of the record, we have been unable to find a basis for the award of $825 for resultant damages to the 164 acres remaining. For this reason alone the judgment is erroneous.

The judgment is reversed.