## TENNESSEE GAS TRANSMISSION CO. v. TEATER et al.

Court of Appeals of Kentucky.

Nov. 7, 1952.

Henry C. Cox, Lancaster, for appellant.

H. Clay Kauffman, G. C. Walker and Cecil C. Sanders, Lancaster, W. Earl Dean, Harrodsburg, for appellee.

COMBS, Justice.

The judgment for the landowner in this condemnation case is $3,400. The Company insists this is excessive. The case is unusual in that the easements acquired across the land of Mrs. Teater, the appellee, provide only a means of ingress and egress to the Company's pipe line located on an adjoining farm. No installations or structures of any kind are to be placed on her farm.

The Teater farm of 273 acres lies some eight-tenths of a mile west of state highway 39 in Garrard County. A macadam road about 10-feet wide provides an outlet from the farm to the state highway. Mrs. Teater owns a one-half interest in the road, the other one-half being owned by the owners of adjoining or adjacent farms. A portion of the easement acquired in this proceeding includes the macadam road and five feet of land on each side of the road, the overall width of the easement being 20 feet. In addition to the rights in the macadam road, the Company has acquired a 20-foot easement for a distance of 1300 feet over a productive part of the farm. The 1300-foot strip (0.597 acres) runs through a 46-acre tract which is under separate fence from the remainder of the farm. Total acreage impressed with the easement, including the macadam road, is 1.018.

The judgment provides that Mrs. Teater has the right to cultivate the 1300-foot easement strip, and the Company shall pay her for damage to any crops caused by use of the easement; Mrs. Teater may fence all or any part of the easement but the Company does not have such right; all fences damaged by the Company in the use of the easement shall be restored as nearly as possible to their original condition; damage to the surface of the land caused by the Company shall be restored by it as nearly as possible to its original condition.

No complaint is made about the instructions. The items of damage as fixed by the jury are: $2,750 for the easement in the macadam road and the 1300-foot strip through the 46-acre tract, including resulting damages to the remainder of the farm; $600 for the damages already caused by use of the road by the Company during installation of its pipe line on the adjoining farm; $50 for loss of use of certain grazing land during installation of the pipe line. Neither side makes any complaint about the last item.

There is no definite yardstick which a court may apply in determining whether damages are excessive in a given case. It is usually said that a verdict in a condemnation case will not be disturbed unless so excessive as to show passion or prejudice, or unless based on estimates unsupported by the facts, or so extravagant as to create a probability the estimates are not correct. Commonwealth v. Ball, 246 Ky. 584, 55 S. W.2d 413. In applying this rule to the verdict here a number of factors must be considered:

1. Mrs. Teater owns a valuable farm, the value being fixed by witnesses in the neighborhood of $65,000 to $70,000.

2. The easement covers the private road which is the only outlet from the farm to the state highway.

3. The additional strip of 1300 feet runs through a 46-acre tract of productive land.

4. In addition to the land actually impressed with the easement, the market value of the whole farm will be decreased to some extent.

5. Although the easement may remain in perpetuity, the land will not be encumbered with any structures or installations.

6. The easement will not prevent the cultivation of any tillable land and the landowner will be compensated for damages to crops and fences caused by use of the easement.

7. In the ordinary course of events, there will be no necessity for the Company to make use of the easement over Mrs. Teater's land except on infrequent occasions for inspection or repair of its pipe line.

Examination of other cases is of no great assistance on the question of damages. The question is discussed in the late cases of Tennessee Gas & Transmission Co. v. Jackman, 311 Ky. 507, 224 S.W.2d 660;

Tennessee Gas Transmission Co. v. Million, 314 Ky. 137, 234 S.W.2d 152; Tennessee Gas Transmission Co. v. Igo, 314 Ky. 146, 234 S.W.2d 149, and Tennessee Gas & Transmission Co. v. Furlong, 311 Ky. 514, 224 S.W.2d 664, but those cases are not entirely applicable here. In those cases a pipe line actually was laid on the land condemned. Furthermore, and what is probably more important, in those cases the Company had the right of ingress and egress over any part of the remainder of the farm for the purpose of inspecting and maintaining the line. As already pointed out, in this case the Company is restricted exclusively to the use of the 20-foot strip as a means of ingress and egress, and no installation of any kind is placed on Mrs. Teater's land.

The Company contends that the resulting damage to the remainder of the farm should be limited to the 46-acre tract through which the easement runs. But it was held in the Jackman case, as well as other cases, that resulting damages to the whole farm by reason of the existence of the easement is a proper item of damages. That is especially true here, since the easement includes rights in the macadam road which serves as an outlet for the whole farm.

Most of the witnesses estimated the resulting damage at a fixed amount per acre to the remainder of the whole farm, and the jury's verdict of $2,750 for the easement and the resulting damage approximates the amount of $10 per acre for the whole farm. This method of calculation was approved in the cases heretofore cited. But it seems to us that when the easement runs over a part of a large farm there must be a point beyond which the damage on an acreage basis will be diminished. In other words, the proportionate damage per acre to the remainder of a 50-acre farm would be more than the damage per acre to a 500-acre farm. Although this would not affect the measure of damages, it is a matter to be considered on the question of the amount of damages.

The reasonable value of Mrs. Teater's farm, as fixed by the testimony, is in the neighborhood of $275 per acre. A generous estimate of the value of tillable land impressed with the easement would not exceed $400. Allowing a reasonable sum for the rights acquired in the macadam road, it is apparent that a major portion of the jury's verdict is for damages to the remainder of the farm by reason of the easement. It is true that some of the witnesses testified the damages would exceed the amount which was fixed by the jury. Such testimony is not persuasive, however, where, as here, no reasonable basis is given for the witnesses' opinions. It might be noted parenthetically that the amount fixed by the commissioners for the use of the easement is $259.61, no allowance being made for resulting damages to the remainder of the land.

We have not overlooked the fact the jury viewed the premises, and we are cognizant of the rule that the assessment of damages is peculiarly within the province of the jury. In spite of this, we are unable to escape the conclusion that the verdict of $2,750 for the taking of the easement and the damages to the remainder of the farm has no reasonable basis in fact and is excessive. It thus becomes our duty to reverse the judgment.

The evidence is in direct conflict on the matter of damages to the macadam road as a result of its use by the Company in the installation of its pipe line. Witnesses for the Company testified that any damage done to the road was repaired, and that the Company left the road in better condition than it found it. A number of pictures were introduced which appear to support this testimony. Mrs. Teater's witnesses testified on the other hand that it will cost $1,700 or more to repair the road. Although the jury's verdict of $600, representing Mrs. Teater's share of the total damages to the road, is extremely liberal, we are not prepared to say it is excessive.

Some complaint is made of the court's rulings on questions of evidence. We find no error on this score.

The judgment is reversed for the reasons stated.