COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

ELIZABETHTOWN AMUSEMENTS IN-
CORPORATED, a Kentucky Cor-
poration, Appellee.

Court of Appeals of Kentucky.

May 3, 1963.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Frankfort, for appellant.

Hatcher & Lewis, Elizabethtown, for appellee.

CULLEN, Commissioner.

The Star-Lite Drive-in Theatre is situated on the east side of U. S. Highway 31-W a short distance north of Elizabethtown. In order to convert the highway from one of two lanes to one of four lanes the Department of Highways condemned a strip of land 66 feet wide along the front of the theatre property. A jury in circuit court awarded $26,000 for the property taken and $10,000 for resulting damages to the remainder, and judgment was entered accordingly. The department has appealed from the judgment, maintaining that the award is excessive and that the trial court erred in not excluding testimony of some of the witnesses for the property owner and in refusing to admit certain testimony for the Commonwealth.

On the strip of land taken, which amounted to about nine-tenths of an acre, there were located various improvements. There is no substantial dispute about the amount of damage resulting from the taking of these improvements since the Commonwealth's witnesses testified that the amount was $14,300 and the estimates of the landowner's witnesses were lower. The other items involved in the taking are the land itself and a temporary easement over one-half acre at the southwest corner of the theatre tract. Since the total award for the property taken was $26,000 and since the

damage attributable to the improvements is $14,300, it is clear that the jury awarded $11,700 for the two items last mentioned.

One of the two appraisal witnesses for the Commonwealth valued the strip taken at $2,700 and the other valued it at $6,400; both put a $500 value on the easement. The landowner and a local real estate dealer put on by the landowner as a witness both gave approximately $20,000 as the value of the strip taken and $12,000 as the value of the easement.

The Commonwealth maintains that the testimony of the landowner and of the real estate dealer was worthless and should have been excluded because it consisted only of opinions without a supporting basis of fact and because the values given by the witnesses were obviously fantastic.

■ Both of these witnesses testified that they were acquainted with land values in the area and had knowledge of sales of comparable land. It is true that each mentioned only one specific comparable sale and that there was some question whether the sale mentioned by the landowner had been finally consummated. It is also true that the sale referred to by the real estate dealer appeared to have brought only 30 cents a square foot whereas he placed a value of 50 cents a square foot on the theatre land. However, there is no rule making knowledge of comparable sales the sole acceptable basis for an estimate of land value. Commonwealth Department of Highways v. Citizens Ice & Fuel Company, Ky., 365 S.W.2d 113.

■ Opinions of value are not absolutely worthless merely because the supporting facts are weak or because they do not fully support the opinion given. Commonwealth Dept. of Highways v. Tyree, Ky., 365 S. W.2d 472. An opinion is worthless only where it is totally lacking of any reasonable factual basis. Commonwealth Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714.

■ If the facts upon which a witness bases his opinion of value will not support the actual value given by the witness but will support a lower value, the jury is entitled to receive the testimony as acceptable evidence of the lower value. Of course if the jury returned a verdict substantially above the lower value the court would be compelled to hold that the verdict was unsupported by probative evidence. Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

■ In the instant case the jury did not accept the estimates of $32,000 for the strip and the easement but awarded only $11,700. In our opinion the factual bases given by the landowner and the real estate dealer for their estimates would support a value of the amount awarded. The award does not strike us as being patently in excess of any amount the evidence reasonably could sustain. Commonwealth Dept. of Highways v. Tyree, Ky., 365 S. W.2d 472. It is true that the estimates by these witnesses as to the value of the *easement* were wholly unsupported, except by generalizations as to the loss that would result to the theatre operation from interruption of business. However, the Commonwealth did not make any specific objection to the testimony concerning the easement value nor move that such testimony alone be excluded. The Commonwealth moved to exclude the testimony of the two witnesses in its entirety. Since the testimony relating to the value of the strip taken in fee was sufficient to support the award given by the jury for that strip plus the easement, the Commonwealth is in no position to complain that the easement valuations by the witnesses were of no probative value.

Two men who owned drive-in theatres, had bought and sold them, and were familiar with their operation testified for the landowner as to "before and after" values of the theatre property. One said the "before" value was $175,000 to $185,000 and the "after" value was $65,000 to $75,000,

a difference of $110,000. The other said the "before" value was $185,000 to $200,-000; he did not fix a specific "after" value but said the condemnation would reduce the value at least 25 percent. Both of the men admitted that they had no knowledge of local *land* values and neither undertook to place a specific value on the *taking* (as distinguished from resulting damages). It is clear that each of these men estimated the difference in value solely on the basis that the bringing of the highway surface 66 feet closer to the theatre installations would cause discomforting and disturbing vehicle noise and lights to the patrons of the theatre, thus reducing the suitability of the premises for theatre operations. The Commonwealth maintains that the court erred in overruling a motion to strike the testimony of these witnesses, made on the ground that their opinions of value had no proper factual basis and were predicated upon improper elements of value.

■ The testimony of the two witnesses in question cannot be considered to have had any value as evidence of damages for the *taking* because the witnesses did not claim to have any knowledge of value of the property taken, did not undertake to place a value on the property taken, and did not assign any damages for the taking as a basis of their estimates of the difference in "before and after" values. However, the witnesses did assign acceptable factors of *resulting damages* as the basis for their opinions of difference in value and in our opinion their testimony was competent as evidence of resulting damages. In effect these witnesses simply did not undertake to express any opinion as to *taking* damages, but confined their estimates to the *resulting* damages.

■ The Commonwealth contends that the testimony of the two witnesses was incompetent because their estimates of values were based on profits to be derived from the business, and that prospective profits have been held too speculative, remote and uncertain to constitute acceptable

evidence of market value. See City of Newport Municipal Housing Commission v. Turner Advertising, Inc., Ky., 334 S. W.2d 767. However, as we read their testimony these witnesses did not base their estimates of values on any considerations of past or future profits of the particular theatre here involved, but upon the effect a close location to a highway has upon the business of drive-in theatres generally. Necessarily, in attempting to estimate, in terms of market value, resulting damages to a business property such as a theatre, consideration must be given to various factors that will affect the business income. In effect the witnesses here testified that noise and lights resulting from close proximity to a highway will cause a loss of income to a drive-in theatre, thus depreciating its market value. We think the testimony was competent.

■ In our opinion there was sufficient competent evidence to sustain the jury award for resulting damages, so the verdict cannot be held excessive.

■ We believe that a diminution in value of the remaining land of a condemnee resulting from proximity of a highway may be considered as an element of condemnation damages the same as a diminution in value resulting from proximity of a railroad, Louisville & N. R. Co. v. Burnam, 214 Ky. 736, 284 S.W. 391, or a gas pipe line, Tennessee Gas & Transmission Co. v. Jackman, 311 Ky. 507, 224 S.W.2d 660, or an electric transmission line, Kentucky Hydro Electric Co. v. Woodard, 216 Ky. 618, 287 S.W. 985. In any situation the *use* to which the condemned property will be put necessarily will have some bearing on the existence and extent of damage to the remaining land of the condemnee. A common example would be a reduction in value of residential property resulting from the highway's being brought in close proximity to the dwelling.

■ The Commonwealth contends that the trial court erred in excluding the of-

fered testimony of two state policemen to the effect that extending the highway to four lanes would improve safety conditions on the highway in front of the theatre and reduce the possibility of accidents, so that more people would travel the highway and thus there would be more potential patrons for the theatre. The purpose of the testimony was to show that there would be benefits to the theatre operation offsetting any possible resulting damages from additional noise. A sufficient answer to this contention is that under the law in force at the time this case was tried, benefits could not be set off against resulting damages. See Commonwealth v. Sherrod, Ky., 367 S.W.2d 844.

The judgment is affirmed.