John B. FOSTER, Appellant,

v.

Grady FAULKNER, Appellee.

No. 7373.

Court of Civil Appeals of Texas.

Amarillo.

June 1, 1964.

Cleo G. Clayton, Jr., Amarillo, for appellant.

Kolander, Moser & Templeton, Amarillo, for appellee.

DENTON, Chief Justice.

Suit was brought by appellee, Grady Faulkner, against John B. Foster for the recovery of money alleged to be due and owing Faulkner under an employment contract. Foster was the owner of the finance company which employed appellee. For managing and operating the business appel-

lee allegedly was to receive a stated monthly salary plus fifty per cent of the net profits of the business. In answer to the single special issue submitted, the jury found appellant owed appellee the sum of $3,000.00. The trial court entered judgment in favor of appellee for this amount.

Appellant's points of error contend there was no evidence and insufficient evidence to support the jury verdict, and that the jury verdict was arbitrary. In considering the no-evidence question we are to consider only that evidence most favorable to the issue and disregard entirely that which is opposed to it or contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; In Re King's Estate, 150 Tex. 662, 224 S.W. 2d 660.

Appellee testified the net profits of the business in 1961 amounted to approximately $7,000.00, and that after taxes he received $2,915.48 as his share of the net profits. He further testified that in March of 1962 he loaned this sum to appellant. This transaction was evidenced by appellee's personal check and a promissory note executed by appellant in favor of appellee. The cancelled check was identified and introduced into evidence, but the note had been misplaced and was not offered. Appellee's cause of action was not based on the note as such, but was pleaded as a loan due and owing to appellee. Appellee further offered evidence to the effect the company's net profits for the year 1962 up to the month of August, when he was discharged, was $4,830.97. Other evidence relating to the various transactions between the parties was offered, but it would serve no purpose to relate it here. We conclude there was evidence to support the jury verdict.

In considering the fact question raised by the insufficient evidence point we have reviewed all the evidence presented.

Appellant contended, and so testified, the company did not actually realize a net profit during the period of appellee's employment. He based this conclusion on an alleged cash shortage of $1,112.75; some $350.00 advanced to appellee; and a large amount of uncollected accounts receivable. Appellant admitted the loan was made to him by appellee in March, 1962, and that it had not been repaid. A great deal of evidence was offered setting out involved transactions of floor planning automobiles, repossessions, and uncollected accounts receivable. As appellant interpreted these transactions, they were offered to show a net loss for the period under consideration. The jury resolved the evidence in favor of appellee. We conclude there was sufficient evidence to support the jury verdict.

Appellant next contends the jury verdict is arbitrary in that there is no basis in the record which would support the figure set by the jury. Unquestionably, a jury does not have the authority to arbitrarily set an amount not sustained by the evidence. However, in the instant case the testimony was in conflict as to the interpretation placed on the company's records and auditing procedure. A cash shortage had been known to exist since the bookkeeper originally set up the company's accounting system. However, no one, including the bookkeeper, seemed to know the amount of such shortage. The maze of confusing and conflicting figures placed into evidence made it most difficult for the jury to arrive at a definite figure. Because of the manner in which the business was operated and the varied interpretations placed on the records, we cannot say the jury acted arbitrarily in setting the amount in their verdict.

Having considered all points of error raised by the appellant we conclude they present no reversible error. The judgment of the trial court is affirmed.

Affirmed.