**EAST KENTUCKY RURAL ELECTRIC
COOPERATIVE CORPORATION,**
Appellant,

v.

**Fred BOWLES et al., Appellees.**

Court of Appeals of Kentucky.

June 11, 1971.

Robert M. Spragens, Lebanon, for appellant.

Theodore H. Lavit, Lavit & Blandford, Lebanon, for appellees.

EDWARD P. HILL, Jr., Judge.

This appeal is from a judgment entered pursuant to a verdict of a jury awarding the appellees $7,200 for the condemnation of an easement 150 feet wide and 4,683 feet long through the farm of appellees Edward Hill and Mary Lois Hill located in Marion County, Kentucky.

The area condemned amounts to 16.13 acres.

The easement taken herein is sought by appellant for the purpose of constructing and maintaining an electric transmission line, and on which it proposes to erect electric power lines, supported by twin wooden poles set 15 feet apart, connected by cross-arms placed 30 to 35 feet above the ground. The appellant will have the right to maintain its lines and to do all that is necessary for that purpose, including the right to cut and trim trees and remove underbrush. The landowners are granted the right to use and enjoy the land so long as it does not conflict with the rights granted to appellant.

The appellant contends in its brief that the landowners will have the right to build houses on the easement taken. Appellees do not contend otherwise, although they indicate that it is impracticable to construct homes under power lines and difficult to finance the construction of homes in such places.

Two arguments are presented on behalf of appellant on this appeal. The first argument relates to testimony the appellant contends should have been stricken by reason of the fact that the witness in arriving at the before and after values was under the impression that the landowners could not construct homes on the easement taken. The second argument is that the amount of the verdict is palpably excessive and unsupported by any evidence of probative value.

Briefly the evidence presented by both parties on the question of the before and after values is as follows. The one and only witness for appellant testified to a value of $90,000 before and $87,500 after the taking of the farm in question, for a difference of $2,500.

Two witnesses testified for the landowners. Both of them fixed the before value at $100,000. One witness set the after value at $90,250, and the other fixed the after value at $91,500.

It is generally assumed in street parlance that easements taken by power companies are pretty permanent, and there is one school of thought that advocates a requirement in our law that land taken for right of way for power lines should be taken in fee simple. Another line of thinking is that in arriving at the value of the easement taken, or the detriment of the easement to the landowner, some sort of rental value process should be used. (KRS 416.-140 and 416.170.) However, under our statute, the right of eminent domain may be exercised by a utility, such as appellant, by simply taking an easement without specifying how long the easement will be impressed upon the land, and the courts have said that the just compensation therefor under our Constitution (Section 242) means the difference in the value of the farm before and after the easement. Tennessee Gas & Transmission Co. v. Jackman, 311 Ky. 507, 224 S.W.2d 660, and Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 125 S.W. 157.

■ Going now to appellant's first ground for reversal, it urges that appellees' witness Hamilton Blandford admitted on cross-examination that in arriving at the after value he did not take into account the right of the landowners to build houses on the easement taken. For this reason, the appellant urges his entire testimony should have been stricken.

Apparently both parties to this litigation assumed on the trial of the case that the landowners would have a right to construct buildings on the easement so long as it did not interfere with the rights granted to the appellant. And after it developed that the witness Blandford had not taken that into account in fixing his after value, the court permitted appellees' attorney to withdraw Blandford from the witness stand and to consult with him in chambers relative to this matter. He had admitted on cross-examination that the information that the landowners would have the right to construct homes on the right of way "would have some bearing" on his testimony. At any rate, after discussing the matter in chambers he was recalled to the witness stand and testified to the identical values he had given before the consultation in chambers. Obviously, after consideration he concluded "some bearing" to have little, if any, significance. We do not view this situation as justifying striking the testimony of this witness. Furthermore, another witness, Sam May, gave testimony which is not questioned and is sufficient to support the verdict.

■ We next go to appellant's second argument in which he contends that the verdict is excessive.

Appellee Hill paid appellee Bowles approximately $100,000 for the farm. This was the sale price provided in the option taken by Hill, although some adjustment was made in the price of the farm due to minor differences between the parties. Anyway, the landowners' witnesses testified that the farm had a market value of $100,000. Based upon this evaluation, the

farm was worth about $431 per acre. The amount of the verdict for the easement taken (16.13 acres) would amount to $446 an acre. It is obvious that the amount of the verdict is well within the evidence.

There is substantial evidence that there is presently good demand for this land for subdivision purposes.

We cannot say, under the evidence, that the amount of the verdict and judgment is excessive or that it is without support of probative evidence.

The judgment is affirmed.

All concur.