## Brock v. Harlan County.

March 24, 1944.

114

J. B. Wall and Hiram Brock, Jr., for appellant.

Bert O. Howard for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

H. M. Brock appeals from a judgment against Harlan County in his favor for $300 for the value of land taken and damages to adjacent property in the construction of a State highway. He had sued for $3,000. One of the grounds upon which he seeks a reversal of the judgment is that the verdict is so inadequate that it must be regarded as flagrantly against the evidence. We do not need to pass upon that question.

The property is located two or three miles from Harlan, and it appears that the intermediate territory and around it is pretty well built up, there being several large mines in the vicinity and along the way. The old road was at the base of a mountain. The property is a narrow strip between it and Catron's Creek. It was acquired by Senator Brock in 1921 at a sale of a subdivision by the Black Eagle Coal Corporation and, although a hillside, a substantial part of it had been platted for 33 small building lots. There were no improvements upon it. He owned two other parcels of about four acres each on either side of the old road on the south of the lots which he bought later. The new highway was built in 1934 and 1935. At that time appellant's deed had been lost without having been recorded and it was necessary that he procure another, which involved litigation, so it was agreed that the land should be taken and compensation made later. The 60-foot right of way of the new highway ran through the entire property a distance of about 1,250 feet. It took up all of some of the platted lots and ran through the middle of others, substantially destroying all of them.

On a plea of payment entered by the county, it was proved that in the settlement of a suit brought under an Act of the Legislature against the State Highway Commission for damage to other property, including Senator Brock's home, lying below the tract here involved and on the other side of the creek, he had received $2,000. The recovery was for damages resulting from trespass or negligence in throwing debris into the creek and diverting its course or causing it to flood the property. The agreed judgment stipulated that it should not be regarded as a settlement or adjustment of plaintiff's

claim against Harlan County for the value of land actually taken for the right of way. Therefore, we do not think this had any place in the record and it probably tended to confuse the issue. Neither was it relevant to prove the plaintiff had been paid $250 by the county in 1930 for sand and gravel for county roads. These items cannot be considered as grounds for a reversal of the judgment as the former was first presented by the plaintiff and he did not object to the latter. Our opinion with respect to the evidence is expressed because there will probably be another trial and it is not right that the incompetent evidence should be admitted under the law-of-the-case rule.

The plaintiff offered to prove by himself and Millard Farmer that just before the highway was constructed or the land taken Farmer had offered to pay Brock $800 for one of the parcels at the south end and bordering the old road and that it was refused; that afterward, in 1937, he sold the property for $150 to Farmer, less that taken for the new road. He had paid $325 for the parcel in 1926 or 1927. We think the court properly refused to admit the evidence of the offer and rejection. Warfield Natural Gas Company v Wright, 233 Ky. 378, 25 S. W. (2d) 1036; 18 Am. Jur., Eminent Domain, Section 352. Among the reasons for incompetency of such evidence are that it is too uncertain, shadowy and speculative to form any solid basis for determining the value of the land; the offer may not have been made in good faith; it is a species of indirect evidence of the opinion of the person making the offer as to value; there is no opportunity to cross-examine the offerer; he may have wanted the land for a particular purpose disconnected with its value; or he may have been willing to engage in a speculation and take chances that some new use of the land might prove profitable in the end. Sharp v. United States, 191 U. S. 341, 24 S. Ct. 114, 48 L. Ed. 211.

Evidence that the defendant had paid an adjoining property owner $1,600 for damages and compensation was properly refused. It was not a sale in the open market and did not show market value. The neighbor's land had a residence and barn upon it which had to be moved to new locations, and the property was not similar to that involved in this case. Commonwealth, by State Highway Commission v. Combs, 229 Ky. 627, 17 S. W. (2d) 748.

We think the objection to several witnesses expressing opinions as to values because they did not show a proper qualification is not well taken.

But there is an error in admitting testimony of the County Tax Commissioner introducing an assessment list said to have been filed by the plaintiff for 10 acres of property at Elcomb in the year 1931, the same being $500 for land and $1,000 for improvements. The witness also testified that plaintiff had listed three acres at Elcomb in 1938 at a valuation of $125. There is no disclosure that these tracts embraced the remaining land for which consequential damages were sought in the suit. Senator Brock testified the ten acres listed was not this property but land he owned at Baxter and that the assessor had made out the list without seeing him. Just compensation as provided for in the Constitution for the taking of land (Section 242) is the value at the time of the taking. The property for which compensation was being sought had been taken seven and four years, respectively, before these assessment lists. Manifestly, they did not prove anything as to the property which had been taken. Evidence of this character relating to the time at which valuation is provable is competent as substantive proof if it be of statements of the owner against interest although its probative value is not highly regarded. Louisville & Nashville R. Company v. White Villa Club, 155 Ky. 452, 159 S. W. 983; Commonwealth v. Combs, supra; Hoskins v. Commonwealth, 290 Ky. 400, 161 S. W. (2d) 169. This error would probably be considered as not prejudicial were the verdict not so small.

The judgment is reversed.