COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Wade RAYBOURN et al., Appellees.

Court of Appeals of Kentucky.

May 25, 1962.

Rehearing Denied Sept. 21, 1962.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Paul E. Hunley, Dept. of Highways, Frankfort, for appellant.

H. R. Wilhoit, Grayson, for appellees.

WADDILL, Commissioner.

In a proceeding by the Commonwealth to obtain right of way for the construction of a new highway #60 east of the city of Olive Hill, the landowners, Wade Raybourn and his wife, were awarded $1,500 in the county court for their .93 acre of land taken. They appealed to the circuit court where, upon a jury trial, they were awarded $5,000 for the land and $32,500 for damages to the remainder. From a judgment entered pursuant to this award, the Commonwealth has appealed.

During 1951 the Raybourns erected a motel east of Olive Hill on a .38 acre tract of land they held under lease which abuts old highway #60 and lies south of it. They acquired title to this land by deed dated December 27, 1955. On February 28, 1957, they obtained a deed to a 1.72-acre tract which is located south of and contiguous to their first tract. The land condemned by the Commonwealth lies entirely within this second tract of land.

The Commonwealth urges as error the trial court's refusal to limit the proof of the Raybourns' damages to the second tract alone. Before we can reach the merits of this contention, we must consider the correctness of the trial court's interpretation of the pleadings. The petition specifically described the land sought to be condemned so as to locate it solely within the boundaries of the tract acquired by the Raybourns in 1957. Following this delineation the property being condemned was further referred

to as being a portion of the two tracts the Raybourns acquired in 1955 and 1957 by the heretofore mentioned deeds. The trial court held in effect that, since the petition contained this reference to the two deeds, the Commonwealth had conceded that the two tracts constitute a single unit of land. This ruling was erroneous because the statement in the petition was obviously nothing more than a reference to a source of title and, being such, does not preclude the Commonwealth from introducing proof to show why the two tracts should not be regarded as a single unit of land for the purpose of determining damages.

Ordinarily, two or more parcels of land constitute one tract for the purpose of assessing damages for injury to the portion not taken when they are physically contiguous and are united in use and ownership. Barnes v. North Carolina State Highway Comm., 250 N.C. 378, 109 S.E.2d 219; 6 A.L.R.2d 1197. However, the Commonwealth offered evidence showing by way of avowal that the Raybourns had purchased the second tract after they had knowledge that the new highway would be constructed through that land. The question arises whether, under these circumstances, the Raybourns are entitled to recover damages to the remainder of both tracts treated as one unit of land.

We answer the question in the negative because by the simple expedient of purchasing the small tract through which they knew the highway would be relocated, the Raybourns were able to recover not only $5,000 for the right of way through their 1.72 acres of farm land but also $32,500, primarily as resulting damages to their .38 acre upon which their motel is situated. The facts show that old highway #60 will not be physically changed but will remain open to public travel, and the Raybourns will continue to have the same access to it that they had prior to the construction of the new highway. The only possible damage resulting to the motel property is the loss of the potential to exploit commercially the express traffic which has been diverted from old highway #60 to the new highway. This is not a compensable element of loss in a condemnation proceeding. City of Newport, Mun. Housing Comm. v. Turner Advertising, Inc., Ky., 334 S.W.2d 767.

We therefore hold that when it has been proven that the owner of property, on which land is being taken by the power of eminent domain, has purchased such property with knowledge of that fact, he is not entitled, for the purpose of assessing damages, to have it considered a part of other property previously acquired by him. Under this determination it would serve no useful purpose to pass upon other questions raised by appellant and they are expressly reserved.

Judgment reversed.