COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Jack RAYBOURNE, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 8, 1963.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellants.

W. Earl Dean, Harrodsburg, Joseph Polin, Springfield, for appellee.

CULLEN, Commissioner.

This is a highway condemnation case in which the jury in circuit court returned a verdict awarding $3096 for the land taken and $6,910 for damages to the remainder. The Commonwealth, Department of Highways, has appealed from the judgment on the verdict, contending that the award for damages to the remainder is excessive and not supported by probative evidence.

The appellees' 265-acre farm fronted for a distance of 913 feet on U. S. Highway 150. The condemnation took a strip 135 feet wide across the front part of the farm for the purpose of reconstructing and relocating the highway. A 2.37-acre, triangular-shaped parcel, fronting on the old highway, was separated from the rest of the farm by the new right of way. The old highway will remain open for travel in front of the separated parcel and will connect with the new highway at one end of the parcel. All witnesses agreed that the principal value of the separated parcel was for commercial or residential lots.

The witnesses for the Commonwealth testified that there was no resulting damage to the separated parcel, and one of the witnesses for the landowners said it was damaged only $500. But one witness for the landowners testified that the parcel was damaged $2950 and one of the landowners said the damage was $4000.

The latter two witnesses gave two bases for their estimates of damage. One was that there would be a cut along the new right of way which would prevent access to the new highway from the lots. This was not a valid element of damage because, there being reasonable access to the old highway, the landowners had no property right of access to the new road. Smick v. Commonwealth, Ky., 268 S.W.2d 424; Department of Highways v. Jackson, Ky., 302 S.W.2d 373; Commonwealth, Department of Highways v. Carlisle, Ky., 363 S.W.2d 104 (decided December 14, 1962). Also, the fact that traffic would be diverted from the old road to the new is not a basis for damages. DeRossette v. Jefferson County, 288 Ky. 407, 156 S.W.2d 165; Commonwealth, Department of Highways v. Carlisle, supra; 5 Nichols, Eminent Domain, sec. 16.101(5).

The second basis for damages given by the two witnesses was that, by reason of lack of depth, a portion of the separated parcel had a reduced value for lot purposes. They computed the damages on the basis of percentages of a desirable lot depth. For example, at one end of the separated parcel, where the depth was only 55 feet, one of the witnesses said that the value had been reduced 75 percent, so he computed that the original potential lot with a value of $1000 had been damaged to the extent of $750. The trouble with this is that the landowners had already been allowed compensation in the award for the land *taken*, for the land that would have added the necessary depth to the 55-foot lot. In other words, if the back 75% of a lot is *taken*, and paid for, the landowner should not recover again, in the form of resulting damages, another 75% of the potential lot value. To do so would allow 150% recovery.

It may be that if 75% of a lot were taken so as to render valueless, because of its smallness, the remaining 25%, the owner should be paid the full value of the lot. But he cannot be paid the value of the part taken and be awarded that value again as damages to the remainder.

■ The Commonwealth did not object to the testimony of the landowners' witnesses concerning damages to the separated parcel. But the lack of objections could not impart probative value to the testimony. Not having a reasonable and valid basis, the testimony did not have sufficient probative value to support an award of damages in the amount estimated by these witnesses. See Tennessee Gas & Transmission Co. v. Jackman, 311 Ky. 507, 224 S.W.2d 660; Petroleum Exploration, Inc. v. Hensley, 313 Ky. 98, 230 S.W.2d 464; Tennessee Gas & Transmission Co. v. Teater, Ky., 252 S.W.2d 674.

Remainder damages also were claimed with respect to the main farm. A witness for the Commonwealth estimated these damages at $2000. The landowners' witnesses fixed the damages in the neighborhood of $9,000. The damages were based on a reduction of market value resulting from a less attractive appearance of the farm.

Along the front of the main farm the new highway will be constructed on a fill, at some points 14 feet above the ground level of the farm. This is one factor that the witnesses said would impair the attractiveness of the farm, notwithstanding that the farm residence was 600 feet back from the highway. One of the landowners also said that the view of the farm from the highway would be impaired by a *cut* along the front of the farm, but the evidence does not show any such cut. It appears he was referring to a cut down the highway in front of adjoining property, which of course could not be considered as an element of compensable damage to this farm.

Another factor affecting attractiveness was related to a natural drain across the front of the farm near the new right of way line. The evidence was that because of the existence of the drain it would be difficult to put a fence along the right of way line, and if the fence were put on the inside of the drain the intervening plot could not be mowed by machine and therefore might grow up in weeds and brush so as to present an unattractive appearance.

The Commonwealth maintains that damages due to aesthetic considerations are not allowable. This proposition has met with varied reactions from the courts. See Nichols, Eminent Domain, Vol. 4, sec. 14.-243, p. 583. Our Court has recognized aesthetic considerations to the extent of holding that recovery may be had for a diminution of market value of residential property attributable to proximity of the highway to the residence, where the right of way for the highway was being taken by condemnation from the owner of the residence. See Commonwealth Dept. of Highways v. Clarke, Ky., 340 S.W.2d 442. On the other hand, in City of Covington v. Greenburg, 242 Ky. 797, 47 S.W.2d 723, it was held that an owner of residential property could not recover for a diminution in the value of his property from a change of street grade which cut off his view across the street and produced an unsightly elevation in the street. Probably the distinction rests in the fact that in the latter case no portion of the abutting owner's land was taken.

■ It is our opinion that any depreciation in market value of the remaining land of a person directly attributable to a taking of a portion of his land may be recovered, even where the depreciation is due solely to aesthetic factors. We see no difference in this from allowing damages for depreciated value from fear of explosion of a gas pipe line. See Gulledge v. Texas Gas & Transmission Corp., Ky., 256 S.W.2d 349. However, since aesthetic factors are so intangible and variable, we think strong proof of damages from those factors should be required.

Here the proof is not at all satisfactory. The landowner attributed part of the damage to a nonexistent cut. One of the witnesses, when asked on what he based his estimate of almost $9000 damages to the main farm, said only this:

"Well, I based it on the fact of the fills and cuts, changing the highway in respect to the farm."

The other witness for the landowners gave as his only reason for resulting damage to the main farm (aside from the inability to mow along the fence) that "On the side next to the residence, you have a fill all the way across."

In our opinion the estimates by the witnesses for the landowners of resulting damages to the main farm are so extravagant as to be unacceptable to support the amount of damages awarded. It is true that some appreciable damages may be attributable to the situation along the drain near the right of way line, but certainly not to the extent of several thousand dollars. We do not see how the appearance of the farm from the highway could be made substantially less attractive merely because the highway is somewhat higher than before. And as concerns the view from the residence toward the highway it would seem that little if any damage could result from the unsightly appearance of the fill, since the highway is 600 feet from the residence.

The award of $6,910 for resulting damages covered damages to the separated parcel and to the main farm. No substantial part of the award can be justified as damages to the separated parcel, and the evidence will not support an award of the amount given for damages to the main farm. Accordingly, we hold that the award is excessive.

The judgment is reversed for further proceedings in conformity with this opinion.

STEWART, C. J., dissents from so much of the opinion as holds that damages attributable to aesthetic considerations may be allowed.