**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Virgil RALEIGH et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Dept. of Highways, Jarvis Allen, Pikeville, for appellant.

Don A. Ward, Hazard, for appellee.

MOREMEN, Judge.

Appellant, Department of Highways, condemned two parcels of land of approximately one-twentieth of an acre each which belonged to appellees, Mr. and Mrs. Raleigh. The landowners were awarded the sum of $400.

The sole issue at the trial was the market value of the condemned land. The landowners' witnesses valued the land taken at $750, $650, and $500. The Commonwealth's witnesses valued the land at $15 and $13.

On this appeal it is argued that the court erred: (1) in refusing to strike from the evidence the testimony of Virgil Raleigh; (2) in failing to strike the testimony of two witnesses for the landowners; (3) in striking the testimony of a witness introduced by the Commonwealth; and (4) in not sustaining a motion to set aside the swearing of the jury because of certain remarks made in the opening statement by counsel for the landowners.

Virgil Raleigh qualified by stating that he knew the market value of property in the neighborhood and had seen property bought and sold there, but on cross-exam-

ination it was indicated that his estimate was primarily based on three improper factors: unwillingness to sell; knowledge of other condemnation awards; and an erroneous belief that he would be denied access to the highway.

In order to determine whether his testimony should have been stricken, it is necessary to review our recent decisions on this question. In Barron v. Phelps, Ky., 238 S.W.2d 1016, the rule was announced that a witness would be permitted to give an opinion on land value merely because he was the owner. No other qualification was necessary. Two later decisions limited this rule. Allen Co., Inc. v. Thoroughbred Motor Court, Inc., Ky., 272 S.W.2d 343, where it was stated that an officer of a corporate land owner would not qualify as would an owner, and Hipp-Green Lumber Corp., v. Potter, Ky., 271 S.W.2d 892, where it was held that the owner of a motel was not, because of the mere fact of ownership, competent to testify concerning its value. The next opinion to interpret this rule was in Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, wherein the Court reiterated that an owner usually qualified merely because of the fact that he owned the property. It was stated, however, that the owner could lose his qualification if, during the course of the trial, the basis of his opinion as to value was shown to be improper because it involved an irrelevant measure of value or a legally non-compensable element of value. In such cases it was said that his testimony should be stricken.

In a recent case, Commonwealth Dept. of Highways v. Fister, Ky., 373 S.W. 2d 720, decided October 25, 1963, the rule was changed to the effect that an owner of realty "shall not be presumed adequately qualified to express an opinion of market values by reason of ownership alone." The owner must qualify before testifying as must any other witness. The changes made by that opinion, however, applied only after the issuance of the mandate in said case. Therefore, the instant case is governed by the law as stated in the Tyree case. Under the rule of that case, we have no hesitancy in holding that the court should have sustained the motion to strike Raleigh's estimate of value. See also West Kentucky Coal Co. v. Commonwealth, Ky., 368 S.W. 2d 738.

Appellant next contends that the court erred in failing to strike the testimony of two witnesses for the condemnee. Apparently these witnesses were competent to express their opinions as to value because it does not appear in the record that these estimates were based "solely or primarily" on improper factors.

Appellant argues that the court erred in striking the testimony of Mike Frost, a witness for the Commonwealth. The witness qualified by stating that he was acquainted with the fair market value of property in the county and was familiar with the property involved in this action. On cross-examination, however, the witness testified that he was not acquainted with the selling price of land in the area of the creek where Raleigh's land was located. On redirect he stated that he knew market values of the same type of land in other parts of the county. The court excluded his testimony because he did not know the value of land in the neighborhood. This Court has stated that distance is not a fatal dissimilarity when dealing with rural property. Therefore, exclusion of this testimony was error. West Kentucky Coal Co. v. Commonwealth, Ky., 368 S.W.2d 738.

The last objection by the Commonwealth concerns conduct of counsel. The attorney for the landowners stated in his opening statement to the jury that the commissioners had appraised the property at $15 only. He also stated he would show that a woman had tried to purchase the tract owned by Raleigh for $300. The court sustained objections, but did not admonish the jury. The Commonwealth contends that these statements had a prejudicial effect on the mind of the jury. Whether prejudicial or harmless, these statements

**386**

were improper and should not be made upon a new trial.

■ Because there is so much confusion in the record as to the size and shape of the land involved, the jury should be given a view of the premises.

Judgment reversed.