COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

K. M. HERNDON et al., Appellees.

Court of Appeals of Kentucky.

April 24, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Frank D. Berry, Madisonville, F. D. Curry, Harrodsburg, James G. Osborne, Covington, for appellant.

Sam Boyd Neely, Martin, Neely & Reed, Mayfield, for appellees.

MONTGOMERY, Judge.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment in a condemnation action by which K. M. Herndon and wife, as property owners, were awarded $200 for land taken and $6,650 for damages. Appellant urges that: (1) the damages are excessive; (2) the opinion evidence as to value was not properly substantiated; (3) the jury was erroneously permitted to consider the closing of the Oak Grove Road as an item of damage; (4) the court failed to define fair market value for the jury; and (5) certain evidence was erroneously admitted.

The Herndons owned a rectangular tract of 2.446 acres, of which .47 acre was taken for right of way for the Mayfield Bypass. The area taken was from the rear portion of the tract, and it contained trees and a pond. The improvements remaining consisted of an old dwelling, meat house, chicken house, hog house, and new dwelling. The property fronted on the Oak Grove Road.

The building of the bypass, a limited access facility, necessitated the closing of the Oak Grove Road east of the Herndon property. Prior to the taking appellees had three available routes of travel to Mayfield. After the taking appellees were able to travel westwardly on Oak Grove Road to Sutton Lane and on by Kentucky 80 into Mayfield. This route was variously stated to be from .6 of a mile to a mile farther than the shorter of the two routes lost by construction of the bypass.

Over objection appellees were permitted to testify to the closing of the road and the inconvenience caused thereby. The trial court instructed the jury that they could consider evidence of inconvenience from the road closing for the purpose of "determining the damages to the sale price of the remainder of the land."

In Ex Parte Commonwealth, Ky., 291 S.W.2d 814, the right of property owners to claim damages for the closing of a road by the construction of a limited access road was considered. It was held that "a property owner on a road proposed to be closed is entitled to damages (for depreciation in the value of his property) only when the closing of the road will deprive him of his sole or principal means of ingress and egress." See also Commonwealth v. Carlisle, Ky., 363 S.W.2d 104, and Commonwealth v. Raybourne, Ky., 364 S.W.2d 814. The trial court was in error in permitting the jury to consider the inconvenience arising from the road closing as an element of damage when there was another means of ingress and egress available.

Appellant complains that without any definition of fair market value the jury was instructed to determine the difference in the fair market value of the property before and after the taking. Appellant complains further that there was some evidence erroneously admitted of the price for which the Herndons, as unwilling

sellers, sold the property after the taking. In such circumstance the giving of a definition of fair market value was especially pertinent and necessary in order that the jury might have the proper standard by which to determine the damages. In order to arrive at the true damages, values must be given without regard to any element of compulsion or unwillingness in either selling or buying. Commonwealth v. Begley, 272 Ky. 289, 114 S.W.2d 127; Commonwealth v. Darch, Ky., 374 S.W.2d 490. It was error to admit evidence indicating an unwilling sale, and it was error to fail to define fair market value.

Ralph Waldrop, a real estate man, testified for appellees that the property was worth $7,200 after the taking. When asked how he arrived at the valuation, he answered, "Well, Mr. Herndon actually had this property listed with me to sell for $8,200.00." Appellant's objection was overruled.

A listing of property with a real estate man for sale is an offer to sell made by the owner. Such evidence as to asking price is obviously not admissible. Similar testimony of offers to buy or to sell has been condemned. Commonwealth v. Combs, 229 Ky. 627, 17 S.W.2d 748; Warfield Natural Gas Company v. Wright, 233 Ky. 378, 25 S.W.2d 1036; Brock v. Harlan County, 297 Ky. 113, 179 S.W.2d 202. The statement as to listing should have been excluded.

In the view taken it becomes unnecessary to discuss the question of excessive damages since the evidence may be different on another trial. On the matter of substantiation of opinion testimony on evaluation, guidance may be found in Stewart v. Commonwealth, Ky., 337 S.W.2d 880; Commonwealth v. Tyree, Ky., 365 S.W.2d 472; Commonwealth v. Fister, Ky., 373 S. W.2d 720; Commonwealth v. Darch, Ky., 374 S.W.2d 490; Commonwealth v. Cardinal Hill Nursery, Inc., Ky., 380 S.W.2d 249.

Judgment reversed for a new trial consistent herewith.