**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Roger F. LANTER et al., Appellees.**

Court of Appeals of Kentucky.

May 29, 1964.

———◆———

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., John J. Blackburn, Covington, Bernard B. Davis, Davis & Saunders, Shelbyville, for appellant.

Ottis Lanter, Williamstown, for appellees.

PALMORE, Judge.

This land condemnation case has been tried before three juries. The first awarded $24,418, the second $24,200 and the third $24,375. A judgment on the second verdict was reversed by this court for error in the rejection of certain evidence. See Commonwealth, Dept. of Highways v. Lanter, Ky., 364 S.W.2d 652 (1963).

The only issue raised on this appeal is whether the verdict was so excessive as to indicate that the jury acted under the influence of passion and prejudice and in disregard of the evidence.

The testimony of the landowners' witnesses suggests that to some extent they may have duplicated damages in the process of separately estimating the value of the property fronting along Kentucky Highway 36 and then assigning "damage" to the remainder of the tract. Ordinarily, of course, the higher value of highway frontage includes the loss or prospective loss in value that will result to the remainder by its severance from the frontage. Cf. Commonwealth, Dept. of Highways v. Finley, Ky., 371 S.W.2d 854, 856 (1963). It is possible also that in calculating the diminution in value of the frontage lots remaining after the taking, the witnesses may have included loss resulting from the re-routing of highway 36. Devaluation of property resulting from the re-routing of a public highway is not compensable. Department of Highways v. Jackson, Ky., 302 S.W.2d 373, 375 (1957); Commonwealth Dept. of Highways v. Raybourn, Ky., 359 S.W.2d 611 (1962).

But the question before us is not whether the estimates were in all respects accurate, but whether on the whole they were of sufficient probative value to support the verdict. Witnesses for the Commonwealth assessed the damage at $7,310 and $12,231, respectively. Witnesses for the owners fixed it at various amounts from $38,564 to $40,065, and they were thoroughly cross-examined as to the methods by which they arrived at these figures. All of them were highly competent to give valuation testimony. Even conceding the existence of a certain degree of fallacy in some of their evidence, on the narrow question of probative value we think it was amply sufficient to support the verdict of $24,375.

That the owners had the property assessed at only $4,970, supposedly reflecting an actual value of $15,530, is more suggestive of inadequate valuation by the assessor's office than it is of the value of the property. The Commonwealth's witnesses themselves appraised the property at $30,310 and $36,876. In the light of all the evidence in the case the assessment figure was of insignificant weight. Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, 478 (1963).

The judgment is affirmed.