COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

J. Kelly ROSE et al., Appellees.

Court of Appeals of Kentucky.

Nov. 13, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Jackson, Joyce, Nedde, Frankfort, for appellant.

Ralph N. Walter, Nickell & Walter, West Liberty, for appellees.

MONTGOMERY, Judge.

J. Kelly Rose and his wife were awarded $4,500 as the value of the land taken and $3,000 as damages to the remaining land in a condemnation action for right of way for the Mountain Parkway. The case was tried before Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. The Commonwealth of Kentucky, Department of Highways, the condemnor, appeals and urges that valuation evidence based on offers to purchase was erroneously admitted, the verdict is not supported by competent and relevant evidence, and the award is excessive.

Appellees owned a farm consisting of 165 acres. Appellant acquired 4.11 acres of bottom land and severed .91 acre of bottom land from the remainder of the property.

Edgar Graham, an adjoining landowner, and Steve Rose, a businessman, testified for appellees as to the value of the land taken and the damages to the remainder. The objected to testimony of Graham occurred on cross-examination and follows:

"Q. 11 Why do you say that bottom land is worth twelve hundred and fifty ($1,250.00) dollars an acre?

"A. Well, I live in that community and I know what good bottom land like that sells for.

"Q. 12 Have you ever paid twelve hundred and fifty ($1,250) dollars an acre for bottom land?

"A. I guess I have paid close to it. I have offered that much for some and they wouldn't take it.

"Q. 13 And is that what you are baseing (sic) your opinion on?

"A. Yes."

Graham had previously testified to his knowledge of the farm, its improve-

ments and terrain, and of his experience and knowledge of sales of comparable real estate by reason of having bought, sold, and observed other sales. Such testimony qualified Graham as a witness and gave probative value to his testimony. Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472. On further cross-examination, Graham testified in explanation of an evaluation: "Well, I figured it by other sales that I have seen sell and that's where I get it." The testimony objected to was given by a qualified witness. Moreover, it was invited by the question asked, and under the circumstances it may have been erroneous but it is not considered prejudicial. But cf. Commonwealth, Department of Highways v. Herndon, Ky., 378 S.W.2d 620, and cases cited therein.

The qualifications of Graham as a witness have been noted. Rose, appellees' other evaluation witness, had been in business in Campton for seventeen years. At the time of the trial he owned fifteen or sixteen different tracts of real estate in Wolfe County and was shown to have had experience in buying and selling of land therein. He was likewise familiar with numerous sales of real estate in the county and had been consulted frequently by prospective purchasers on the value of various tracts of real estate in Wolfe County. Rose was a qualified witness.

Appellant attacks the testimony of these witnesses for their failure to give acreage, type of land, or purchase price of other sales. The answer is that inquiry on such matters on cross-examination is a proper method of testing the witness' qualifications. Appellant's counsel did not ask about such matters and may not now be heard to complain.

The verdict may appear to be generous but it is based on substantial probative evidence and is within the evaluations given. It will not be disturbed.

Judgment affirmed.