**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Russell DARNELL et al., Appellees.**

Court of Appeals of Kentucky.

March 4, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Frankfort, Deddo G. Lynn, Lexington, Richard G. Weisenberger, Paducah, for appellant.

W. Earl Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

HILL, Judge.

This is an appeal in another highway condemnation case instituted pursuant to Section 242 of the Constitution of Kentucky and Sections 177.081 through 177.089 of KRS to condemn 16.08 acres from appellees' 51-acre farm in Anderson County to be used in construction of the Central Kentucky Parkway. No improvements are disturbed unless perhaps some fencing.

 Appellees were awarded $7,347 by the county court appointed commissioners and a verdict of $6,585 by the circuit court jury. We are asked by appellant to reverse the judgment because the verdict is excessive and not sustained by evidence of probative value.

After the taking, appellees' farm is divided so that a 10.36-acre tract without improvements is left on the south side of the highway and a 24.56-acre tract with improvements is situated north of the turnpike.

Appellant's two witnesses testified the difference in the market value of the farm before and after the taking was $3,525 and $3,420, respectively, while the landowners' two witnesses fixed the difference between before and after values at $8,000 and $8,750. There is little conflict in the testimony for appellant and that for appellees insofar as the before value is concerned. Appellees' witnesses were about $4,000 lower than were appellant's on the after value.

The verdict is well within the range of the testimony; in fact, it amounts to less than $500 an acre and is not at all excessive. Commonwealth, Department of Highways v. Rankin, Ky., 346 S.W.2d 714 (1961).

Appellant's argument that the verdict is unsupported by evidence of probative value, boiled down to essentials, is that the two witnesses for appellees did not assign any "basis for their appraisal of the after value." These two witnesses testified they were familiar with local land values and the particular tract involved here, including the improvements and terrain. They referred to comparable sales. No objection was made by appellant to the testimony of appellees' two valuation witnesses. Neither was there motion to strike their testimony. No effort was made to cross-examine them regarding the means by which they arrived at the "after" values they fixed. It is concluded these witnesses were qualified. Commonwealth, Department of Highways v. Rose, Ky., 384 S.W.2d 81 (1964). Hence, the verdict is abundantly supported by evidence of probative value.

The judgment is affirmed.