**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Tom Frank REDMON et al., Appellees.**

Court of Appeals of Kentucky.

May 27, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Tildon H. McMasters, Elizabethtown, for appellant.

W. R. Gentry, Jr., Bardstown, Richard J. Lowther, Ames, Iowa, for appellees.

CLAY, Commissioner.

In this condemnation case the Commonwealth took 34.5 acres of the landowners' 155-acre farm in Nelson County. The jury's award was $7,150. The Commonwealth claims there was a duplication of damages and the award was excessive.

The basis of the Commonwealth's claim that damages were duplicated by the landowners' witnesses is that they in effect fixed a full value for the land taken and then added to that damages by reason of the fact that the remaining land was reduced in acreage to the extent of the land taken. The Commonwealth compares the situation with that in Commonwealth, Department of Highways v. Raybourne, Ky., 364 S.W.2d 814, wherein we condemned evidence which had the effect of awarding damages for the part taken and awarding the same value again as damages to the remainder. We do not think it fairly could be said that the landowners' witnesses were taking this approach. Their position was that a 120-acre farm was not as valuable, per acre, as a 155-acre farm (when used as a dairy farm, as this one was).

The testimony of some witnesses was of questionable competency to the extent it may be construed as recognizing the *loss to the owner,* but upon careful consideration, we believe the evidence fairly related to market values.

With regard to excessiveness, the Commonwealth's complaint is mainly directed to the value estimates of the landowners' witnesses rather than the verdict. In our opinion the verdict is not excessive.

The judgment is affirmed.