**Harvey SEA et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

Robert E. Hatton, Louisville, for appellants.

H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, Perry White and Robert Rieckhoff, Dept. of Highways, Frankfort, for appellee.

OSBORNE, Judge.

### AFFIRMING

### APPEAL W–15–67

Appellants are the owners of a tract of land in Anderson County. The tract contains 18½ acres and has access to highway 1387 by way of two separate easements across two separate tracts that lie between it and the highway. Construction of the Central Kentucky Parkway necessitates cutting off appellants' access to highway 1387, as a part of the Parkway passes between it and the tract. In a previous proceeding instituted by the Department of Highways for the condemnation of these accesses there developed some doubt as to whether one or both easements were condemned. Without going into this aspect of the case, we deem it sufficient here to point out that the trial court has, in this action, determined that appellants still own one easement. This holding is now final and will not be disturbed. The only question presently before us is whether the amount awarded as compensation for the second easement is adequate. Compensation was fixed by a jury in both instances.

On the first trial the jury awarded $2500. On the second trial, the one here in question, they awarded $500. When we consider the results of both actions, appellants have received $3000 for the loss of access to their 18½ acres of farm land, which appellant Harvey Sea, himself, valued at $5700. We do not find this to be inadequate compensation in the constitutional sense. Just compensation as provided for by Sec. 242 of the Constitution is fair cash value at the time of taking. Brock v. Harlan County, 297 Ky. 113, 179 S.W.2d 202. Certainly we cannot say that an award in excess of one half the total value placed on the property by its owner is not fair compensation for two easements leading to it.

We find no error in Appeal W–15–67.

The judgment is affirmed.

All concur.

### AFFIRMING

### APPEAL F–149–65

This is an appeal from a judgment awarding appellants $565 for 4.85 acres of land out of a tract containing a total of 8.45 acres. This action was consolidated and

tried along with the above proceeding to condemn the two easements. The record contains numerous objections.

First and foremost is an objection to the trial court's consolidating the actions. We have examined the record and find that no objection was made at the time of the consolidation but was first made in a motion and grounds for a new trial. In our opinion this was too late.

Appellants' next objection is to the failure of the trial court to permit the jury to view the premises. We have examined the record and find that appellant made no motion for a view of the premises. Therefore, this objection is without merit.

After appellant first testified in the case, he attempted to again return to the witness stand and give additional testimony concerning the value of the property. This was objected to and excluded by the court. We believe the action of the court was proper, as it appears appellant was attempting to give evidence in chief and not in rebuttal.

Upon the whole record, we find no reversible error.

The judgment in both actions is affirmed.

All concur.