**Lewis B. FLYNN et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 15, 1968.

As Modified on Denial of Rehearing

June 14, 1968.

Michael A. Rowady, Winchester, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., C. E. Skidmore, Frankfort, for appellee.

CLAY, Commissioner.

In this highway condemnation case the Commonwealth took approximately nine acres of appellants' 97-acre farm-land tract. It is located on the outskirts of Winchester and had potential adaptability for commercial, industrial and residential use. The jury awarded appellants $21,500. They appeal, claiming the trial court erred in giving an instruction and in ruling on the admissibility of evidence.

This case strikingly points up the difference between the injury caused a landowner by the taking of a part of his property and

the injury actually suffered by him by reason of a change of the highway system in the vicinity. The major portion of the land taken (approx. 8 acres) was at the northern triangular tip of the tract. This taking was for the purpose of building new I-64 running east and west. Another acre was taken at the southeastern corner of the tract for the reconstruction of U.S. 227. The entire eastern edge of the tract originally fronted on old U.S. 227. The new U.S. 227 was relocated to the east through the lands of other property owners (and intersected I-64 at right angles).

Except for the land taken on the northern tip of the tract, appellants still have the same frontage on old U.S. 227 they had before the taking (although it now dead-ends at I-64). However, this frontage no longer has the value it once had (particularly for commercial purposes) because the new U.S. 227 has diverted traffic away from the old road. It was for this impairment of value of the remaining land, in addition to the value of the land taken, that appellants sought compensation in this condemnation proceeding.

During the course of the trial the landowners' witnesses testified that in determining the after value of the property they had taken into consideration the "relocation of U.S. 227" and the "limited access" which such relocation had caused. There was no objection to the former testimony but there was to the latter, which the court overruled. When the case was submitted to the jury, the following instruction was given:

"You are further instructed that a property owner has no property interest in a public road and you shall not consider that the value of the remaining property has been decreased due to the fact that U.S. 227 has been relocated away from said property."

Appellants contend this instruction embodies law which is contrary to section 13 of the Kentucky Constitution (taking property without just compensation), and that in any event it was improper as an instruction because it gave undue prominence to certain facts and issues.

With respect to the first contention on this point, the impairment of the value of appellants' land by the relocation of U.S. 227 and the resultant diversion of traffic therefrom is a cause of damage completely unrelated to the damage caused by the taking. This should be clear when we consider that appellants would have suffered this identical injury had the Commonwealth not condemned one foot of their property. If appellants were entitled to compensation for this impairment of their land value, then every property owner on old U.S. 227, from which traffic has been diverted because of construction of the new road, would have a valid reverse condemnation claim against the Commonwealth even though none of their property was taken.

We have consistently held that the devaluation of property resulting from the diversion of traffic from an old highway to a new highway does not constitute a taking which entitles the property owner to compensation. DeRossette v. Jefferson County, 288 Ky. 407, 156 S.W.2d 165; Commonwealth, Dept. of Highways v. Rayburn, Ky., 359 S.W.2d 611; Commonwealth, Dept. of Highways v. Raybourne, Ky., 364 S.W.2d 814; Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851; Commonwealth, Dept. of Highways v. Lanter, Ky., 379 S.W.2d 748. This problem is related to the one of reasonable access and we have likewise held that the limiting of the right of access by the Commonwealth (in the exercise of its police power) is not the taking of property for which the landowner is entitled to compensation. Sloan v. Commonwealth, Dept. of Highways, Ky., 405 S.W.2d 294; Commonwealth, Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417; Commonwealth, Dept. of Highways v. Smith, Ky., 413 S.W.2d 72.

It is therefore our opinion that the instruction given substantially conforms to the law governing a case of this nature.

Because of the way the proof developed, we do not think it was error to clarify the issues by such an instruction. Under the peculiar circumstances of this case, it did not give undue prominence to the facts or issues. However, since we are reversing on another ground, on a new trial such an instruction may not be necessary since its substance may be incorporated in an admonition in the event appellants' witnesses attempt to use as a damage factor either the relocation of the road (and consequent diversion of traffic) or the loss of original access potential.

■ During the course of the trial appellants sought to introduce a residential subdivision plat which had been prepared by an engineer prior to the condemnation proceedings. An objection by the Commonwealth to the introduction of this evidence was sustained. This was error because such a plat properly may be introduced for the purpose of showing the adaptability of the land to such use. Commonwealth, Dept. of Highways v. Vincent, Ky., 357 S.W.2d 678; Commonwealth, Dept. of Highways v. Evans, Ky., 361 S.W.2d 766.

■ The Commonwealth contends that the plat would have served no useful purpose since all of the witnesses for both sides had testified that the highest and best use of the property was for residential and commercial purposes. However, we believe this competent evidence was more than cumulative because it constituted a credibility base for the expert testimony of the landowners' witnesses. We believe this was prejudicial error warranting reversal.

■ The final contention is that the court erroneously sustained the Commonwealth's objection to testimony relating to an offer to purchase a commercial site for a service station. We have consistently held that offers to purchase are not admissible. Brock v. Harlan County, 297 Ky. 113, 179 S.W.2d 202; Commonwealth, Dept. of Highways v. Raleigh, Ky., 375 S.W.2d 384; Commonwealth, Dept. of Highways v. Martin, Ky.,

392 S.W.2d 64; Commonwealth, Dept. of Highways v. Rogers, Ky., 399 S.W.2d 706.

The judgment is reversed, with directions to grant appellants a new trial.

WILLIAMS, C. J., and HILL, MILLI-KEN, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., dissents from that part of the opinion which denies the landowner concurring opinion in Commonwealth, Dept. by reason of relocation of the highway or loss of access, for the reasons stated in his concurring opinion in Commonwealth, Dept. of Highways v. Hess, Ky., 420 S.W.2d 660.