**COMMONWEALTH of Kentucky, DEPART- MENT OF HIGHWAYS, Appellant,**

**v.**

**Don WOOTON and Alice Wooton, his wife, et al., Appellees.**

Court of Appeals of Kentucky.

March 22, 1974.

**452**

Carl T. Miller, C. E. Skidmore, Dept. of Highways, Frankfort, for appellant.

Burns, Maricle & Mitchell, Manchester, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding the appellee landowners $40,000 damages for property condemned for highway purposes. The condemnation took 1.74 acres from a tract of 3.4 acres. The judgment was based on a verdict finding the "before" value to be $80,000 and the "after" value to be $40,000.

The primary contention of the appellant is that the trial court committed prejudicial error in not striking the testimony of the appellees' witness Bob Knight because it was based in substantial part on consideration of noncompensable factors and the witness was unable to make an estimate of "after" value eliminating those factors.

The appellees presented two appraisal witnesses: Bob Knight and Ray Humfleet. Knight put the "before" value at $80,000 and the "after" value at $28,000, while Humfleet's figures were $82,000 and $30,000, respectively. The state's sole appraisal witness agreed with Knight that the "before" value was $80,000 but his estimate of the "after" value was $67,500 indicating damages of only $12,500.

The property in question is located at the intersection of Muddy Gap Road with U.S. Highway No. 421 approximately one mile south of the City of Manchester. Muddy Gap Road runs east and west and U.S. Highway No. 421 runs north and south at the point of intersection. The property in question lies in the southwest quadrant of the intersection area. On the property, at the point of the intersection, there is a restaurant building of substantial value. At the property's southern boundary line on U.S. Highway No. 421 that highway makes a curve to the west. Kentucky Highway No. 80, coming from the east, makes a "T" intersection with U.S. Highway No. 421 at the apex of the curve above mentioned. The highway project for which the condemnation was made was the Daniel Boone Parkway, which was to utilize existing State Highway No. 80 east of its intersection with U.S. Highway No. 421, and to consist of new right of way extending in a northwest direction from the intersection. For the purpose of the latter extension the back portion of the property here in question was condemned.

At the point where the new highway would cross Muddy Gap Road the latter was to be closed, so it would no longer be a through road for traffic to and from the west. This would divert some of the traffic formerly passing by the restaurant. Also, the extension of Kentucky Highway

No. 80 and its conversion into the Daniel Boone Parkway would divert a substantial amount of traffic formerly passing the restaurant on U.S. Highway No. 421.

Neither Humfleet nor Knight, on direct examination, stated the *factors* that he used in estimating the difference in "before" and "after" values. However, on cross-examination, both admitted that the *diversion* of *traffic* was a substantial factor in their estimates of "after" value, and upon being asked to make new estimates eliminating that factor both said they could not do it. Accordingly, at the close of each man's testimony, the Commonwealth moved to strike the testimony. The motions were not ruled on immediately, and eventually the appellees joined in the motion to strike Humfleet's testimony, whereupon that motion was granted. The motion to strike Knight's testimony was, however, overruled.

The status of the case is, then, that only Knight's testimony remains to support the jury's verdict, and if his testimony should be stricken nothing would remain to support the verdict.

■ There is no question but that diversion of traffic of the kind here involved is not a compensable factor. Commonwealth, Department of Highways v. Slusher, Ky., 371 S.W.2d 851; Flynn v. Commonwealth, Department of Highways, Ky., 428 S.W.2d 24; Commonwealth, Department of Highways v. York, Ky., 390 S.W. 2d 190.

■ The proper procedure, when an appraisal witness uses a noncompensable factor, is to ask him to recast his estimate eliminating that factor, and then, if he does not do so, move to strike his testimony. Commonwealth, Department of Highways v. Shaw, Ky., 390 S.W.2d 161; Commonwealth, Department of Highways v. Mayes, Ky., 388 S.W.2d 125. That is the procedure that the Commonwealth followed, properly, in the instant case.

■ Of course, the uneliminated use of a noncompensable factor would not be a ground for striking the testimony of the witness unless the latter's estimate of value was based solely or primarily on the improper factor. West Kentucky Coal Company v. Commonwealth, Ky., 368 S.W.2d 738. So it is necessary to determine whether Knight's estimate was based solely or primarily on the improper factor of diversion of traffic. It is our conclusion that it was, because in his testimony, after mentioning the fact that U.S. Highway No. 421 would no longer be a "major highway traffic artery" or a "main highway," and that the Muddy Gap Road would no longer be a "through road" but would be a "dead-end road," he said:

> "These were the basic considerations I used in the decrease in value."

Also he said:

> "The main thing is I don't think the entire property would sell for as much now as it would have in the past due to, you might say, the area is going to be changed."

In this respect Knight's testimony was not materially different from Humfleet's, which the appellees agreed should be stricken.

■ It is our conclusion that Knight's testimony should have been stricken, and that the failure to do so constituted prejudicial error.

The Commonwealth asserts as a separate point on appeal that the verdict was excessive and not supported by sufficient evidence. Of course with Knight's testimony eliminated the verdict is not supported by any evidence, so the asserted point does not require separate consideration. However, we shall observe that since the restaurant building, which is undisturbed by the taking, constitutes a major value element, and since the part of the land being taken by condemnation not only is less than half of the entire tract but consists

mainly of a hillside and a ravine, it is extremely difficult to conceive any way in which the "before" value of the property could be considered to have been cut in half by the condemnation.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

All concur.